### NEW AMSTERDAM CASUALTY CO. v. KELLER.

### No. 12865.

Court of Civil Appeals of Texas. Fort Worth.

June 17, 1933.

Rehearing Denied July 22, 1933.

Weeks, Morrow & Francis, of Wichita Falls, for appellant.

E. W. Napier, of Wichita Falls, for appellee.

LATTIMORE, Justice.

Appellee sues under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq.) for receiving a hernia.

While working on September 20, 1929, he felt a sharp pain in his groin. The next day he went to Dr. Leake, to whom he had been instructed to go in case of injury. Dr. Leake, he says, told him he had received a strain but not a hernia, and he continued to work suffering pain regularly. He bought and used a suspensory and truss, but the latter pained him so he did not wear it regularly. In October, 1930, he again was examined at his own request by Dr. Leake, who told him he had a serious hernia and could not be well again without an operation. He says this was his first knowledge that he had a hernia; that Dr. Leake agreed then, October, 1930, to see about getting his compensation for him under the Workmen's Compensation Law. He saw Dr. Leake about town (Burkburnett, a small town) frequently, but never mentioned the matter of compensation to him again. Dr. Leake removed from Burkburnett in July, 1931. Appellee continued working until after October, 1931.

Appellee gave notice of his injury and claim for compensation ·on October 14, 1931, and prior to that date no knowledge of the claim for compensation or of the injuries had been received by either the employer or the insurer unless the knowledge of Rhine, the foreman for the employer, or the knowledge of Dr. Leake, is sufficient. Rhine did not know that appellee had received a compensable injury, and Dr. Leake testified he never was in the employ of either the insurer or the employer, Fresno Oil Company. Appellee had before this made application for and received compensation for injuries received on previous occasions.

The jury found that appellee sustained a hernia on September 20, 1929; that disability thereunder arose on said date; that he sustained 25 per cent. disability which will continue until operated on; that he exercised ordinary care in filing his claim for compensation. The court on motion set aside the finding that disability arose on September 20, 1929, and rendered judgment for appellee for compensation.

In the view we take of the case it is unnecessary to decide the law questions involved in the failure to give notice of his injuries prior to October, 1930. He knew of the facts and had actual knowledge of his rights on that last date. Even if we assume, and we do not, that he was justified in relying, on October 14, 1930, on Dr. Leake to act for him in obtaining his compensation, still he cannot

continue for a year to see nothing done about the matter, never remind Leake or inquire whether the notice was given or what the progress of his claim was, and now expect the courts to reward his laches. No "good cause" was shown under article 8307, § 4a, R. S.

The judgment of the trial court is reversed and here rendered that appellee take nothing by his suit.