### EMPLOYERS LIABILITY ASSUR. CORPORATION, LIMITED OF LONDON v. CRAWFORD.

No. 3665.

Court of Civil Appeals of Texas. Beaumont.

March 27, 1941.

Rehearing Denied April 9, 1941.

King & Rienstra, of Beaumont, for appellant.

Elton Cruse, of Beaumont, for appellee.

COMBS, Justice.

This is a workmen's compensation case. On jury findings of total and permanent incapacity, the appellee, Charlie Crawford, recovered judgment against appellant for $3,000 in a lump sum.

We have concluded that upon the record the case will have to be reversed and rendered because of the failure of the plaintiff to give notice and file his claim within six months after the occurrence of the injury. The plaintiff was injured June 11, 1935, by being gassed while working for the Gulf Refining Company in Port Arthur. His claim for compensation was dated August 18, 1937, and shows to have been filed with the Industrial Accident Board August 24, 1937, more than two years after the injury. And although the jury found the existence of good cause for his failure to file it sooner, the finding is without support.

The good cause alleged for failure to file his claim was to the effect that the plant physician and other medical experts representing the employer and the insurance company, from the time he was gassed until about the time his claim was filed, represented to him that his injury was only "temporary and trivial" and would soon

disappear and "most if not all of his disability or pain was the result solely of diseases and infections * * * in noway connected with said gassing"; and that the employer gave him lighter work which enabled him to continue his employment.

The facts show that Dr. James W. Long, the plant physician, gave plaintiff emergency treatment on the occasion of his injury. A few days later he complained of headaches and Dr. Long referred him to Dr. Fulbright, an eye, ear, nose and throat specialist, who prescribed treatment for him. Plaintiff continued to work for the Gulf Refining Company for about two years and until June, 1937, when he was laid off. In July he employed counsel, and his claim for compensation was filed in August, 1937, as above mentioned. In the meantime, and during the month of July, he went to California, where he received treatment in the veteran's hospital. However, his testimony shows that while he was in California he worked as a marine fireman with a floating fish cannery, and on other jobs until his return to Texas the following year. And that after his return to Texas he worked with the W. P. A. And further that he applied to the Gulf Refining Company for reemployment only three or four days before this suit was filed.

Dr. Long was the only medical witness. He was called by the plaintiff. The testimony shows that Dr. Long did advise the plaintiff that the headaches he complained of were due to an infected sinus and that the condition of which he complains was in no way connected with the gas injury. He is of the same opinion still. The record shows that plaintiff was treated by Dr. Fulbright and that he was examined by two other doctors. None of these doctors was called as a witness. So far as the record shows, no doctor has ever advised the plaintiff that his alleged disability has any causal connection with the gassing. The only testimony in the record that his condition is due to the gassing was plaintiff's own opinion, and his evidence shows that he had the symptoms he complains of in October after his injury in June. And also that he then considered them the result of the gassing. If it be conceded that plaintiff has a disability resulting from his injury, it is nevertheless obvious that the opinion of the doctors was not a controlling factor in causing him to delay the filing of his claim.

On the facts it is evident that plaintiff showed no good cause for the long delay in filing his claim. Apparently he knew just as much about his alleged injury a few months after it happened, as he knows now. There was no evidence raising the issue of good cause. V.Ann.Civ.Stat. Art. 8307, Sec. 4a; Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053.

The judgment of the trial court is reversed and judgment here rendered for the appellant.