## LACOUR v. CONTINENTAL CASUALTY CO.

### No. 11395.

Court of Civil Appeals of Texas. Galveston.

June 11, 1942.

Rehearing Denied July 1, 1942.

Cole, Patterson & Cole, of Houston (Robt. L. Cole, Jr., and B. B. Patterson, both of Houston, of counsel), for appellant.

Wood, Gresham, McCorquodale & Martin, Russell Talbott, Jno. C. Williams, and Roland F. Johnson, all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a Workmen's Compensation case denying appellant, Alfred LaCour, compensation for injuries alleged to have been received by him while in the course of his employment with Wald Transfer & Storage Company, Inc., who carried compensation insurance with appellee, Continental Casualty Company.

At the conclusion of all the evidence and after all the parties had rested, the court peremptorily instructed the jury to render a verdict against appellant and in favor of appellee. Appellant appeals from this action of the trial court.

Appellant, a negro employee of Wald Transfer & Storage Co., was injured while unloading steel at Cameron Iron Works in Houston, on October 10, 1930. After he was injured he was paid compensation and was given medical attention until December 3, 1930, at which time he signed an instrument designated as "Release and Final Receipt". The instrument recited the payment to him by appellee of the sum of $78.59 as weekly payments under the Workmen's Compensation Law of the State of Texas and released appellee from the payment of further compensation for appellant's injuries. Shortly after he was injured, appellant received through the mail a form of "notice of injury" and a form of "compensation for injury" for filing with the Industrial Accident Board. He did not file either instrument with the Board and made no claim for compensation before the Industrial Accident Board until December, 1937. In the summer of 1932, appellant again applied for compensation at the office of the Continental Casualty Company and was then informed by a representative of the company that the case had been closed and that they could do nothing for him. In the latter part of 1932 or the early part of 1933, appellant's mother, at his request, consulted three different attorneys with a view to employing them to represent him in submitting his claim for compensation to the Industrial Accident Board. Each of them, after being apprised of the facts, declined to represent him. In December, 1937, he employed an attorney who prepared and filed notices of injury and claim for compensation with both the employer, Wald Transfer & Storage Company, and the Industrial Accident

Board. By letter dated March 22, 1938, the Board declined to consider the case.

The controlling question presented in the appeal is whether there is sufficient evidence in the record to support a jury finding that appellant had shown "good cause" for failure to file his claim for compensation with the Industrial Accident Board within the six months' period provided under Section 4a of Article 8307, R.S.1925 of the Workmen's Compensation Law and until his claim was actually filed with the Board.

The grounds relied upon by appellant as constituting "good cause" for failure to file his claim with the Industrial Accident Board for a period of more than 7 years were, in substance, his ignorance of the requirements of the Workmen's Compensation Act with reference to filing his notice of injury and claim for compensation, an alleged statement by the representative of appellee that the forms given him were unimportant and that he would be taken care of, and the fact that he had consulted three different attorneys, each of whom had informed him that he had waited too long to file his claim.

The material parts of Section 4a of said Article 8307 of the Workmen's Compensation Law provide that no proceeding for compensation for injury under the Law shall be maintained unless a claim for compensation therefor shall have been made within six months after the occurrence of the injury but that " * * * for good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to * * * the filing the claim before the board."

■■ It has been uniformly held that the test for "good cause" for delay in filing a claim before the Board is that of ordinary prudence, that is, whether the injured employee has prosecuted his claim for compensation with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances and that the question as to whether he has exercised such degree of diligence is ordinarily a question of fact, but that, where the evidence, taken most strongly in favor of the claimant, admits of but one reasonable conclusion, negativing good cause, the question becomes one of law. Texas Indemnity Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830, writ refused; Maryland Casualty Co. v. Merchant, Tex. Civ.App., 81 S.W.2d 794.

■ It has been further held that it was not within the contemplation of the legislative body in enacting Section 4a of said Article 8307 that an employee who delayed filing a claim before the Industrial Accident Board for any number of years could recover compensation by merely showing that "good cause" existed for the earlier part of the delay. Holloway v. Texas Indemnity Co., Tex.Com.App., 40 S.W.2d 75; Petroleum Casualty Co. v. Dean, Tex.Com.App., 122 S.W.2d 1053.

■ The questions as to whether appellant was justified in his delay in filing his claim for compensation on the grounds of mistake of law and ignorance of the law have been, we think, settled by the courts of this state contrary to appellant's contentions.

In the case of Great American Indemnity Co. v. Dabney, Tex.Civ.App., 128 S.W. 2d 496, claim for compensation was filed with the Industrial Accident Board approximately two years and five months after the death of claimant's husband. She testified that she was advised by a representative of the employer that it did not carry compensation insurance and that she relied upon the statement. She later consulted with and employed an attorney to represent her, who advised her that the employer did carry compensation insurance and agreed to file her claim. The delay was caused by his failure to do so. The court held that the neglect of claimant's attorney and the information he had or should have obtained by reasonable diligence was imputable to the appellee and that it would not constitute "good cause" for not filing her claim.

In the recent case of Sandage v. Traders & General Ins. Co., Tex.Civ.App., 140 S.W. 2d 871, writ refused, the court held as a matter of law that good cause was not shown where a claimant did not file a claim because he had been informed and thought that compensation was not payable so long as an employee was able to work.

This rule is laid down in the following cases: Texas Employers Ins. Ass'n. v. Mitchell, Tex.Civ.App., 142 S.W.2d 626; Johnson v. Employers Liability Assurance Corporation, 131 Tex. 357, 112 S.W.2d 449, 450; Employers Liability Assurance Corporation v. Crawford, Tex.Civ.App., 149 S.W.2d 1005.

In the instant case it is undisputed that appellant knew within a matter of days

after his compensation was stopped that he was physically unable to work. He was informed and knew, prior to the expiration of the six months' period provided by statute for filing his claim, that appellee considered the case closed and would do nothing further for him. The record fails to disclose any effort on his part to submit his claim for compensation to the Industrial Accident Board or any fact which would constitute good cause for his failure to do so for a period of more than seven years, with the exception of the fact, that "during the latter part of 1932 or early 1933", he consulted with three lawyers who declined to represent him.

■ Under above facts we think that the trial court did not err in holding, as a matter of law, that appellant had failed to show good cause for his delay in filing his claim and in granting appellee's motion for an instructed verdict.

Appellant complains of the action of the trial court in sustaining appellee's exceptions to that portion of appellant's trial pleadings wherein he alleged that the filing by appellee of a release from appellant with the Industrial Accident Board was equivalent to the filing of a claim for compensation by appellant.

The release in question reads:
"Release and Final Receipt.

"For Compensation Paid Under the Workmen's Compensation Law of the State of

"Dec. 3rd, 1930 1924.
"Received of Continental Casualty Company the Sum of Five & 93/100......Dollars ($5.93.
"making in all with the weekly payments already received by me the total sum of ..... Seventy Eight & 59/100 ..... Dollars ($78.59)
"Such payment being the final payment of Compensation under the Workmen's Compensation Law of the State of Texas and in consideration of which I hereby release and forever discharge the said Continental Casualty Company—heirs, successors and assigns, from any and all actions, causes of action, claims and demands, for,

upon, or by reason of any damage, loss, injury, suffering and disfigurement which heretofore has been or which hereafter may be sustained by me in consequence of an accident suffered by me on or about the 10th day of October, 1930, — 192 —, while in the employ of Wald Transfer & Storage Company, Houston, Texas.

"Witness my hand and seal, this 3rd day of December, 1930.

"Alfred LaCour /s/ (Seal)
"Witnesses: W. T. Easton."

Appellant testified that, prior to the signing of said release, appellee's representative told him that he had a release for him to sign but that he did not sign the release at that time and that about a week later he went to the office of the insurance company and, after talking to his mother, he signed the release.

From the above testimony, it is obvious that appellant did not think that he was signing a claim for compensation when he signed said release but that he knew that he was signing a release and intended to do so.

■ Further, it is the general rule in this state that a strict compliance with the statutory requirements of the Workmen's Compensation Law in the filing of claims is necessary. Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205.

■ While the release in question was filed with the Industrial Accident Board by appellee, it could not, we think, be construed as the filing of a claim for compensation, since the Board could not, from its terms, determine the nature of appellant's claims before the Board, whether it was for the loss of a specific member or for general injuries, nor could the trial court, in passing on the exception in question, determine whether appellant was asserting the same claim in his suit in the district court as he had asserted before the Board.

It follows from above conclusions that the judgment of the trial court must be, in all things, affirmed.

Affirmed.