**DRIVER**

v.

**TEXAS EMPLOYERS' INS. ASS'N.**

No. 6325.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 28, 1953.

Rehearing Denied Oct. 26, 1953.

Bob Huff and J. H. Splawn, Jr., Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case in which the appellant W. L. Driver, was the employee, J. P. (Bum) Gibbons, Inc., the employer, and the Texas Employers' Insurance Association the appellee and insurer. Appellant sues for injuries occurring on June 27, 1951, alleging he filed his claim for compensation on April 8, 1952, which was approximately nine months and eleven days after the date of the accident. Appellant pleaded as his good cause for not filing his claim for compensation with the Industrial Accident Board within six months from the date of accident that he was advised by his doctor that his injuries were of a very trivial nature and that his pain was coming from arthritis or other diseases disconnected with accidental injuries and that he did not learn of his true condition and of the cause of same until on or about April 8, 1952, when he immediately contacted his lawyer and filed his claim for compensation. The case was tried to a jury. After the appellant (plaintiff in the trial court) had introduced his testimony and had rested his case, appellee made a motion for an instructed verdict, among other reasons, on the ground the undisputed evidence in the case showed that the appellant had not filed his claim for compensation within six months from the date of the injuries and had shown no good cause to raise a fact issue for the jury for appellant's failure to so file his claim for compensation. The trial court overruled appellee's motion. After all the evidence was introduced and both parties had closed, appellee again renewed its motion for instructed verdict which was by the court overruled and the case was submitted to the jury upon twenty special issues. After the jury returned its answers to such questions, appellant made his motion to disregard certain answers made by the jury and appellee made its motion for judgment non obstante veredicto. The trial court overruled appellant's motion but granted appellee's motion for judgment non obstante veredicto and held that the appellant did not show good cause for failure to file his claim for compensation before the Industrial Accident Board of the State of Texas within six months after the accidental personal injuries, from which judgment the appellant has perfected his appeal to this court.

The appellant, W. L. Driver, was injured on June 27, 1951, while in the course of his employment while drilling a well for J. P. (Bum) Gibbons, Inc. The injuries occurred when he got his arm caught in a clutch while he was adjusting it. After they got his hand out of this clutch, one of the boys took him to Renegar Hospital where Dr. Renegar treated his hand. He visited Dr. Renegar June 27, 29, 30, July 1, 3, and 5, all in 1951, and never visited him any more until after filing of this suit. Mr. Driver had never lost any time since that date because of his injuries and had worked all the time up to about the time of the trial. He did not file any claim for compensation until after he was discharged from his employment with J. P. (Bum) Gibbons, Inc. Mr. Driver testified that the reason he did not file his claim within six months after he got hurt was, "Well, the reason I didn't, I thought my hand would get all right and also that the doctor told me that it would, and I didn't know that you had to file your claim within six months. I never had no occasion to know that. That's all I * * *." He further testified the doctor told him that his hand would get along all right every time he was there. His further testimony was that the only reason he did not file his claim within six months was that he did not know he had to file it within six months, that the doctor told him his hand would get all right, and that he thought his hand would get all right.

It is well settled in this state that the timely filing of a claim for compensation with the Industrial Accident Board is jurisdictional unless, for good cause in meritorious cases, such filing has been waived under Article 8307, Section 4a, of the Revised Statutes, Vernon's Ann.Civ.St. The Supreme Court in Hawkins v. Safety

Casualty Co., 146 Tex. 381, 207 S.W.2d 370, 372, stated the rule in such cases as follows:

"The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion. Martin v. Travelers Ins. Co., Tex.Civ.App., 196 S.W.2d 544; Great American Indem. Co. v. Beaupre, Tex.Civ.App., 191 S.W.2d 883; LaCour v. Continental Casualty Co., Tex.Civ.App., 163 S.W.2d 676; Texas Indemnity Ins. Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830, writ refused."

Under this rule, to determine whether appellant has shown good cause or not, we must look to his testimony and see whether or not there could have been any other reasonable conclusion left in this case than that appellant did not show good cause as found by the trial court. We are of the opinion that the fact that appellant was not familiar with the law as to the six-month provision would have no bearing on the case.

The undisputed testimony shows that he only visited Dr. Renegar the six times mentioned above as being from June 27, 1951 to July 5, 1951, and that was the only time he could have relied upon the statements made by the doctor because he never went back to see him after that time and never made any attempt that would be considered a continuous action or conduct to keep himself informed as to

what his condition might have been. It would seem from these facts that an ordinarily prudent person would not rely upon the opinion of a doctor covering a long period of time when the doctor had had no opportunity to examine the patient, when the patient was working daily and knew of his own condition. The fact that appellant might have thought his hand would get all right could not be considered good cause for his not complying with the law unless that opinion meets the primary test of ordinary prudence as stated in the Hawkins case above cited.

■ We are of the opinion that the case of Young v. Safety Casualty Co., Tex.Civ. App., 168 S.W.2d 884, 886, is in point in this case where it is stated:

"We are of the opinion that the evidence introduced in this case, taken most strongly in favor of appellant, admits of but one reasonable conclusion, which negatives good cause, so that the question then becomes one of law and not one of fact and that the trial court properly instructed the jury to return a verdict for the appellee and against the appellant. Morgan v. Petroleum Casualty Co., Tex. Civ.App., 40 S.W.2d 205; Johnson v. Employers Liability Assur. Corporation, Limited, 131 Tex. 357, 112 S.W. 2d 449; Consolidated Underwriters v. Vargas, Tex.Civ.App., 113 S.W.2d 922; Hamilton v. Travelers Ins. Co., Tex.Civ.App., 116 S.W.2d 414; Sandage v. Traders & General Ins. Co., Tex.Civ.App., 140 S.W.2d 871; LaCour v. Continental Casualty Co., Tex. Civ.App., 163 S.W.2d 676; Amburn v. Employers' Liability Assur. Corporation, Limited, 5 Cir., 77 F.2d 749; Middleton v. Hartford Acc. & Indemnity Co., 5 Cir., 119 F.2d 721, and numerous other authorities thereunder cited. Therefore the judgment of the trial court is affirmed."

To hold under the record in this case other than that the appellant did not show good cause would, in our opinion, be contrary to the provisions of the statute as interpreted.

Appellant's contention as to showing good cause is overruled. Since the issue of good cause disposes of the entire case, the other assignments will not be discussed.

Judgment of the trial court affirmed.