No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

Floy L. MURPHY, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 5152.

Court of Civil Appeals of Texas.

El Paso.

Feb. 29, 1956.

Rehearing Denied March 21, 1956.

Guinn & Guinn, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, El Paso, for appellee.

McGILL, Justice.

This is a workman's compensation case. It is an appeal from an order of the Industrial Accident Board. After the jury had found for appellant, appellee moved for a judgment non obstante veredicto on the ground that appellant had failed to show the filing of the claim within six months from the date of the accident, with the Industrial Accident Board, or to show good cause for failing to so file such claim. The court granted this motion and denied appellant any recovery.

Appellant's sole point is that the court erred in holding that the workman's compensation claim was not properly before the Board. The basis for this point is: Appellant, while an employee of the El Paso City Lines, was injured on September 29, 1952; she was treated by the company doctor, who furnished a complete report to appellee; appellee sent to the Compensation Board report of the initial payment of $14.28. There was also filed with the Board on March 24, 1953 a final compensation receipt signed by appellant, however this receipt did not purport to cover payment for any future disability. Appellant did subsequently suffer disability as a result of the injury. The Board rejected appellant's claim, stating as its reasons in a letter to appellant:

> "You are advised that this case was closed on 3–24–53 by the filing of Final Compensation Settlement Receipt duly signed by Floy L. Murphy, evidencing payment to the claimant of the sum of $14.28 by the insurance company in final settlement and satisfaction of all claims by reason of injury of 9–29–52.

This receipt shows that the claimant returned to work on 1–12–53.

> "In order to reopen a claim closed in this manner it will be necessary that you file in this office an affidavit signed by the claimant setting forth in detail the history of his injury from its inception to the present time, together with medical report signed by a reliable physician evidencing the fact that the claimant has suffered disability beyond the period for which he was paid compensation as indicated by the receipt, and the nature and extent of such disability. Upon receipt in this office of the above mentioned instruments, the Board will be in a position to take appropriate action."

In compliance with this letter, the Board found and held:

> "That named employee and his attorneys have failed to establish by proof that claim for compensation was filed within the statutory period of six months as is provided by the Texas Workmen's Compensation Act or that good cause for such delay up to date of filing claim. Therefore, this Board is without jurisdiction. Said claim is dismissed and no further action thereon will be taken by this board."

It is appellant's position that the question of good cause was not in the case, but the injury and claim of this claimant was before the Board and thus the filing of the report of initial payment with the Board and the acceptance and filing of final settlement receipt with the Board which was not approved by the Board, nor the Board asked to approve same as final settlement, left the matter pending before the Board in accordance with the Compensation laws.

We are not able to agree with this contention. We see no reason why the claimant in this case should not be required to file her claim as provided by law or show good cause for failure to do so. In our opinion the Board was correct. The filing of a release is not the equivalent of filing a claim. LaCour v. Continental Casualty Co., Tex.Civ.App., 163 S.W.2d 676, 679.

The judgment is therefore affirmed.