**Ed PHARISS, Appellant,**

v.

**TEXAS EMPLOYERS INS. ASS'N, Appellee.**

No. 15076.

Court of Civil Appeals of Texas.

Dallas.

April 27, 1956.

Peery & Wilson, Wichita Falls, for appellant.

Burford, Ryburn, Hincks & Ford, and Howard Jensen, Dallas, for appellee.

DIXON, Chief Justice.

This is a workman's compensation case in which appellant alleges that he sustained an injury August 31, 1953. His claim was not ·filed with the Industrial Accident Board until December 22, 1954—nearly sixteen months after the date of his alleged injury.

The trial court granted appellee's motion for instructed verdict on the ground that as a matter of law appellant had not shown good cause for his failure to file his claim within the period provided under Art. 8307, sec. 4a, V.A.C.S.

Appellant, an oil well driller employed by McCutcheon Drilling Company, testified that in stepping from a false floor of a drilling rig he slipped and fell, the fall producing a blood clot which appellant claims resulted in a serious heart condition.

He further testified that following the fall he continued to work a short time, then went home, arriving at his home at about 11:30 o'clock P. M. the day of his fall. About 1:30 that night his condition became worse and about 5:30 that morning he went to a hospital, where he stayed six days.

At the time of the accident appellant had over him as foreman and "tool pusher" a man named A. L. Hines, who had hired appellant. On the morning of the same day appellant went to the hospital, Hines came by to see him and was told of appellant's accidental injury. Two or three days later Hines returned to the hospital. In the course of their conversation during this second visit, according to appellant, Hines told him that he would "make out the claim and send it in to the Industrial Accident Board and send a report to the office." Relying on this promise, appellant took no action himself toward filing his claim until December 1954. Hines, who was also a witness, denied promising to file the claim with the Industrial Accident Board. He testified that he did say he would attend to the Employers First Report of Injury, in line with his duties as "tool pusher."

Appellant admits that he never again talked to Hines about his claim; nor did he have any further conversation about it with anyone else connected with his employer, though he says he was suffering pain most of the time.

About Christmas of 1953 appellant went back to work for McCutcheon Drilling Company in Arkansas, this time as a "tool pusher" himself. This was at Hines' invitation. He worked in Arkansas until February 20, 1954, then worked for the same company for thirty-five or forty days near Winnsboro, Texas and later at Durant, Oklahoma for about fifteen days. In May 1954, he worked for the company near Bridgeport, Texas for about thirty-two days until the job was completed. Sometime in August 1954 he took a job as driller on a job near Whitesboro, where he worked about twenty-five or thirty days. In Sep-

tember he went back to Bridgeport, working there until October 2, 1954 when he quit the job and the McCutcheon Drilling Company, he says, on account of the pain he was suffering. In December 1954 he wrote a letter to the Industrial Accident Board and a short time later filed his claim.

Appellant was aware that he had not drawn any compensation on account of the accident. He was in constant pain, yet he never asked Hines or anyone else connected with McCutcheon Drilling Company whether his claim had or had not been filed. His failure to make any further inquiry is surprising, since he talked to Hines twice on the telephone before going to Arkansas to work, and worked with Hines in Arkansas for thirty days or more. For a period of about a year he was in almost daily contact with other personnel of McCutcheon Drilling Company, including the McCutcheons themselves.

Appellant says that his testimony raised a fact issue as to good cause for his failure to file his claim in time, hence it was error for the court to instruct a verdict against him. He relies on the holding in Anchor Casualty Co. v. Chia, Tex.Civ.App., 255 S.W.2d 315, 317 (writ ref. n. r. e.), to support his contention. In that case the injured man, a Mexican unable to read or write, had been working for the same employers for twenty years. During all that time his employers had taken care of his insurance and other business matters. Soon after he was injured one of his employers promised him he would look after the filing of his claim with the Industrial Accident Board. He apparently forgot to do so. The claim was filed by Chia about a month late. It was held that under the circumstances present in that case "reasonable minds could differ as to whether or not same constituted good cause"—in other words, the circumstances raised a fact issue to be determined by the jury. We do not disagree with the holding in the Chia case, but we believe that it is not applicable to the fact situation presented in the case now before us.

To support its contention that as a matter of law appellant failed to show good cause for his failure to file his claim until nearly sixteen months after his injury, appellee relies on Consolidated Cas. Ins. Co. v. Perkins, Tex., 279 S.W.2d 299; Driver v. Texas Employers Ins. Ass'n, Tex.Civ.App., 266 S.W.2d 401 (writ ref. n. r. e.); Copinjon v. Aetna Cas. & Surety Co., Tex.Civ. App., 242 S.W.2d 219 (writ ref.); and New Amsterdam Cas. Co. v. Keller, Tex.Civ. App., 62 S.W.2d 637 (writ dism.).

Appellee's cases support the view that even if Hines promised appellant to file his claim for him, appellant could not under the circumstances continue for nearly sixteen months to do nothing about it. It is to be observed that though he claimed to be in pain all that time, and was thrown almost daily with Hines or other employees of McCutcheon Drilling Company, he never reminded them or spoke of his claim. In Consolidated Cas. Ins. Co. v. Perkins, supra, our Supreme Court said [279 S.W.2d 302]:

> "When a claim is not filed within the statutory period of six months the good cause must continue to the date when same is actually filed." (Emphasis supplied.)

We also quote from the opinion in New Amsterdam Cas. Co. v. Keller, supra:

> "Even if we assume * * * that he was justified in relying, on October 14, 1930, on Dr. Leake to act for him in obtaining his compensation, still he cannot continue for a year to see nothing done about the matter, never remind Leake or inquire whether the notice was given or what the progress of his claim was, and now expect the courts to reward his laches. No 'good cause' was shown under article 8307, § 4a, R.S."

We hold that under the circumstances in this case the trial court properly instructed the verdict in appellee's favor. Appellant's Point No. One is overruled.

Appellant complains because the court excluded from the jury his letter to the Industrial Accident Board dated De-

cember 3, 1954. Appellee objected to the contents, not the date, of the letter on the ground that the contents included self serving statements. Appellant did not offer any portion of the letter which might have been admissible. In effect, he waived his right to offer such portions separately. Appellant's Point No. Two is overruled.

The judgment of the trial court is affirmed.