**Russle L. KERSH, Appellant,**

v.

**The TRAVELERS INSURANCE COM-PANY, Appellee.**

**No. 16551.**

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1957.

Edward L. Poole, Merchant & Fitzjarrald, Amarillo, Tex., for appellant.

A. B. Hankins, Adkins, Folley, McConnell & Hankins, Amarillo, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment in a Texas Workmen's Compensation suit. It was entered on a verdict directed for defendant on the ground that when, on February 8, 1956, sixteen months and twenty-eight days after his injury on September 10, 1954, he filed his claim with the Board, "good cause" did not exist as matter of law. It presents the single question whether plaintiff's testimony,[1] which was the only testimony on the "good cause" issue, was insufficient

1. After stating that he went by Stroup's office to talk to him, his testimony continued:

"Q. And what did you go up there and say to him? A. Well, I told him I got laid off out here and I was going back to Houston and to a doctor down there, and he told me it would be all right to go to my doctor down there, and he would take care of it, the whole works; he would send the claim to the Accident Board in Austin and everything.

"Q. Did he tell you to send the doctor's reports back to Travelers Insurance Co.? A. Right.

"Q. And you have heard the lawyers' statement here that you were some year late filing your claim. Why didn't you file it when you were supposed to in that six months' period? Did you know you were supposed to file it? A. I knew I was supposed to file it.

"Q. Why didn't you? A. Well, I thought Stroup, Mr. Stroup was going to file it.

"Q. Is that the only reason A. Yes."

On March 4, 1955, six months and fifteen days after his injury, plaintiff, then in Arizona, wrote the following letter:

"1150 W. Prince Rd.
"Tuscon, Arizona,
"March 29, 1955

"Mr. David G. White,
"1302 Caroline St.,
"Houston, Texas.
"Dear. Mr. White:
"I am writing to you in regard to the claim I have with the Travelers Ins. Co. I was in to see you concerning this matter on Feb. 22, 1955, but you were not in because of the holiday. Although I was located there for two months, no efforts were made to contact me concerning a settlement or otherwise.

as matter of law to present an issue for the jury.

The basic principles controlling here have been many times stated by the Texas Courts and by this court. This Court, in the case of Wedel v. Indemnity Ins. Co. of North America, 239 F.2d 302, 305, citing many Texas cases,[2] in considering the matter of good cause, thus set them forth:

"These principles as they and all of the other Texas cases dealing with the question state them may be thus briefly summarized: (1) A claim may be filed * * * within * * * six months. (2) When it is not filed within that period, good cause must * * * continue to the date when it is actually filed. (3) The term 'good cause' for not filing is not defined in the statute but it has been uniformly held by the Courts of Texas that the test for its existence is that of ordinary prudence, that is whether the claimant prosecuted his claim with that degree of diligence that an ordinary prudent person would have exercised under the same or similar circumstances. (4) Whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of the facts. (5) When, however, the evidence * * * taken as strongly as it may * * * be taken in favor of plaintiff, admits as a matter of law of but one reasonable conclusion, which negatives good cause, the question of good cause, vel non is one of law for the court and not of fact for the jury, and plaintiff should be denied recovery."

In Consolidated Cas. Ins. Co. v. Perkins, cited in note 2, supra, a leading Texas case directly in point, the reason claimed was the reason given here, an alleged representation that someone else would in the future attend to filing the claim. The Supreme Court of Texas reversed both lower courts and rendered judgment

"My back is no better, and if anything, seems worse. No doctor that I have been to has released me, and as I have been out a lot of money already for medicines, and will also have to see a doctor here, I certainly want something done about the claim immediately.

"Please contact me at the same address immediately and let me know what kind of settlement you have in mind, because I want something definite, or will be forced to take other action.

"Very truly yours,
"/s/ Russle L. Kersh."

On further examination, he testified:

"Q. Well, now, Mr. Kersh, you never had seen Mr. Stroup any more after you left Amarillo January the 4th, 1955, had you? A. No.

"Q. You weren't relying, when you wrote that letter on March the 29th, 1955, on that Stroup would file your claim for you, did you? A. Well, I thought he was. He told me he was.

"Q. When you wrote that letter on March 29th, 1955? A. Yeah.

"Q. You still thought Mr. Stroup was going to take care of it; is that right? A. That's right.

"Q. Now, did some representative of Travelers Insurance Company come out to you there and discuss this claim? A. Yes.

"Q. And do you know who that was? A. Guymon, I believe was his name.

"Q. Where did he come, out on the job or— A. He come to my house.

"Q. You all discussed this claim that you had? A. That's right."

"A. When I got back to Houston, my legs started getting numb on me. That kept worrying me when I was coming back. I didn't know what it was so I went to this lawyer there in Houston. I wanted to know what the deal was on it.

"Q. You asked him to check into your claim? A. Check into my claim case.

"Q. When was that? A. That was about the 5th of February, I believe, or 6th, somewhere along in there; February of 1956."

2. Hawkins v. Safety Cas. Co., 146 Tex. 381, 207 S.W.2d 370; Copinjon v. Aetna Cas. & Sur. Co., Tex.Civ.App., 242 S.W. 2d 219; Driver v. Texas Employers Ins. Co., Tex.Civ.App., 266 S.W.2d 401; Dodson v. Travelers Ins. Co., Tex.Civ.App., 278 S.W.2d 242; Phariss v. Texas Employers Ins. Assn., Tex.Civ.App., 290 S.W.2d 289; Consolidated Cas. Ins. Co. v. Perkins, 154 Tex. 424, 279 S.W.2d 299, 302; Texas Employers Ass'n v. Doss, Tex.Civ.App., 301 S.W.2d 473.

for the insurance company. Holding that the defendant's motion for an instructed verdict should have been granted, the court said:

"Respondent advances the contention that the statement made by Mr. Buser that he would tell him when to file his claim, coupled with assurances that he would be returned to work, excused him from filing his claim until Oct. 5, 1951. In view of the record in the case, we hold, as a matter of law, that a mere promise by the employee's superior that at some time in the future he would be told when to file his claim does not constitute good cause for the failure to file the claim until Oct. 5, 1951. See Texas Indemnity Ins. Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830, writ refused."

In Texas Employers v. Doss, cited in note 2 supra, under facts showing much less delay than here, a similar holding was made.

Upon these authorities, it is clear that, under the facts testified to by plaintiff in this case, the district judge was right in instructing a verdict, and his judgment must be affirmed.

Affirmed.

RIVES, Circuit Judge (dissenting).

The plaintiff testified that before he left Amarillo on January 4, 1955, he went to Mr. Stroup, representative of the Travelers Insurance Company, and received his assurance as follows:

"A. Well, I told him I got laid off out here and I was going back to Houston and go to a doctor down there and he told me it would be all right to go to my doctor down there and he would take care of it, the whole works; he would send the claim to the Accident Board in Austin and everything."

According to plaintiff's testimony, so far uncontradicted, after the six month limitation period had expired he wrote to Travelers pressing his claim, and thereafter Travelers sent a representative to discuss the claim with him. There was nothing to make him suspect that his claim had not been filed in accordance with Stroup's promise until about February 5, 1956, when he went to see a lawyer. Three days later the claim was filed. In a similar situation, a sixteen day delay in filing the claim has been held excusable. Texas Employees' Insurance Association v. Hudgins, Tex. Civ.App., 294 S.W.2d 446.

If the jury believed that Travelers' representative promised to file the claim and that plaintiff reasonably believed in good faith, from all of the negotiations, facts and circumstances known to him, that the claim had been filed within the six month period and such belief continued until within three days before the claim was actually filed, then, I would think that the jury could properly find "good cause" for failure to file the claim earlier. I, therefore, respectfully dissent.