R. L. LADWIG, Appellant,

v.

The TRAVELERS INSURANCE COM-
PANY, Appellee.

No. 16950.

United States Court of Appeals
Fifth Circuit.

April 30, 1958.

Forrest Bowers, Lubbock, Tex., Huff
& Splawn, Lubbock, Tex., for appellant.

A. B. Hankins, Amarillo, Tex., Adkins,
Folley, McConnell & Hankins, Amarillo,
Tex., for appellee.

Before HUTCHESON, Chief Judge,
and BROWN and WISDOM, Circuit
Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment in
a workmen's compensation suit entered
for defendant on the ground that plain-
tiff had not proved, as required by law,
that, within six months from the date
of the claimed accident, he had filed his
claim for compensation with the Indus-
trial Accident Board of the State of
Texas.

These are the facts. The Standard
Form Employer's First Report of In-
jury, signed "West Texas Drilling Co. by
R. L. Ladwig", was sent to the Indus-
trial Accident Board March 4, 1955. On
November 6, 1956, plaintiff first filed
with the Industrial Accident Board a
claim for compensation, alleging in it
that on February 4, 1955, while employed
by West Texas Drilling Company, he had
suffered an accidental injury and was en-
titled to compensation. On February 7,
1957, the board finding: that the claim-
ant had failed to establish by proof that

the claim for compensation was filed within the statutory period of six months; dismiss the claim for want of jurisdiction. Within twenty days thereafter, plaintiff filed his complaint alleging the accident and that he had filed a claim for compensation within six months from the date thereof. The defendant, joining issue with the complaint, specially denied the allegations of paragraph 6, that claim for compensation had been filed with the board within the six months as required by law, and upon these pleadings, the cause went to trial.

At the conclusion of plaintiff's evidence, the court ruled that the Employer's First Report of Injury, which was offered by plaintiff as proof of claim for compensation, did not and could not serve as the statutory claim for compensation required by law, and that the statutory claim had not been filed within the time required.

Thereafter the following proceedings were had: Defendant advised the court that it desired to file a motion for judgment; plaintiff then tendered and asked leave to file a trial amendment alleging good cause for not having earlier filed his claim; the defendant objected thereto on the ground that the filing came as a surprise, that it was not prepared at this late time to meet the allegations and the necessary witnesses were not available; the plaintiff then suggested that the cause be continued or a mistrial be entered; and the court, fully stating his reasons therefor,[1] denied the motion and granted defendant's motion for a judgment.

Here appellant's primary insistence is that the Standard Form Employer's First Report of Injury, required under penalty of $1000, to be sent by the employer, and which was sent to the board, could and did serve as and for the claim for compensation required by law to be filed with the board by the employee within six months after the accident. As a secondary ground for reversal, he urges upon us that the court erred in denying his motion for leave to file an amendment, alleging that if the claim was not filed within the six months, plaintiff had stat-

1. The Court: "This suit was set for trial this week some two months or more ago and the answer of the defendant, which was filed in this Court on March 6, 1957, contains a sworn plea of limitation under the terms of the compensation law in respect to filing of a claim with the Industrial Accident Board in particular.

"The counsel for plaintiff now for the first time seeks by trial amendment to counter-act the plea of limitation on the theory of good cause for such delay in filing his compensation claim, which was in fact filed before the Board more than a year and a half after the date of the alleged injury.

"The defendant's counsel objects on the ground that it takes him by surprise and at a disadvantage and without the necessary preparation to meet such plea.

"The plaintiff's counsel, aware of the plea of limitations of defendant's counsel, has been content until this time to stand on a petition which contained no allegations to offset or counter-act the plea of limitation. There is no claim that plaintiff's counsel has been misled in any way nor any claim of inadvertence but the situation simply is that the plaintiff's counsel has relied on the theory that, as a matter of law, the Exhibit D-2 constitutes a sufficient claim for compensation.

"The plaintiff's counsel has not (in addition to relying on that theory) heretofore included in its petition any alternative plea to come into application in event plaintiff erred in his theory of law about the Exhibit D-2.

"I do not see any justification for plaintiff counsel having been content to let the issues in the case stand as they have upon the pleadings down to the announcement of ready in this case and entry upon the trial and until this stage of the trial.

"The decision that was made was just simply a part of the responsibility of counsel, as lawyers find themselves in all law suits, that is, find themselves confronted with responsibilities and decisions to make, and I think that the plaintiff just comes too late at a time when it would not be just to reshuffle the attitude of the case.

"In exercising the discretion belonging to the Court, I have taken into account also the deposition testimony of the plaintiff and the references made thereto in connection with this ruling.

"The plaintiff's motion for leave to file a trial amendment is overruled."

utory good cause for not filing it. Pointing out as to the first contention, that the statute requires: (1) the prompt filing by the employer of a report of injury, and (2) the filing within six months later of a claim for compensation by the employee, the appellee cites Texas cases, particularly Murphy v. Texas Employers Ins. Association, Tex.Civ.App., 288 S.W. 2d 797 and LaCour v. Continental Cas. Co., Tex.Civ.App., 163 S.W.2d 676, in support of the judgment below.

Upon its second point, that the court abused its discretion by not allowing plaintiff to file an amended petition to set up good cause, the appellee, pointing to the ruling of the board and the answer of the defendant, that the critical issue in the case was whether plaintiff had he alleged filed his claim within six months, insists that the action of the district judge was, for the reasons he gave, not the abuse but the use of discretion, and further that the matters alleged in plaintiff's tendered amendment, if proven, would not show good cause. Cf. Kersh v. Travelers Ins. Co., 5 Cir., 250 F.2d 112.

We find ourselves in complete agreement with appellee's views. Of the first contention, it is sufficient to quote from the LaCour case, supra:

"Further it is the general rule in this state that a strict compliance with the statutory requirements of the Workmen's Compensation Law in the filing of claims is necessary." 163 S.W.2d at 679, page 676.

and from the Murphy case, supra:

"We are not able to agree with this contention. We see no reason why the claimant in this case should not be required to file her claim as provided by law or show good cause for failure to do so. In our opinion the Board was correct." 288 S.W.2d at page 798.

In cases of this kind, this court has no function in construing and applying the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., except to follow where the state courts lead. We cannot, if we would, do otherwise.

Of the second contention, it is sufficient to say that in denying plaintiff's request, presented nearly four years after the claimed accident occurred and after the trial on an entirely different theory had been fully completed, the court used, he did not abuse, his discretion in refusing plaintiff's request for a mistrial, a continuance of the case, and an opportunity to later retry the case on entirely new pleadings.

The judgment was right. It is affirmed.