Frank SLAUGHTER, Appellant,

v.

ATLANTIC MUTUAL INSURANCE
COMPANY, Appellee.

No. 17549.

United States Court of Appeals
Fifth Circuit.

May 22, 1959.

G. Woodson Morris, San Antonio, Tex., for appellant.

W. B. Jack Ball (of Moursund, Ball & Bergstrom), San Antonio, Tex., for appellee.

Before RIVES, CAMERON and JONES, Circuit Judges.

PER CURIAM.

This appeal is from an order or judgment dismissing the appellant-plaintiff's complaint under the Texas Workmen's Compensation Law on the ground that the district court did not have jurisdiction because the plaintiff had not filed his claim for compensation with the Texas Industrial Accident Board within six months after the occurrence of the injury and that there was no good cause for waiving the strict compliance with the limitation as to the filing of the claim before the Board. See Vernon's Texas Civil Statutes, art. 8307, Sec. 4a. The appellant sustained his injury on August 12, 1956. For two weeks thereafter he received compensation in the amount of $25 per week. On November 8, 1956, he received from the Board the proper forms for filing his notice of injury and claim for compensation. He claims that at the time he was preparing to fill out these forms he was contacted by a claims adjuster for the appellee, who "told him not to do so and asked him to give them to him, saying that he should pay no further attention thereto and further that it was not, under such circumstances, at all necessary for him to fill out any more." He further insists that he and the claims adjuster were in contact regarding settlement of the claim from time to time until July 9, 1957, at which time he consulted an attorney, who subsequently filed the claim with the Board on August 29, 1957. The delay from July 9, 1957, to August 29, 1957, is sought to be justified as a reasonable time for the attorney to investigate the exact nature of the claim.

Under the decisions of this Court in Wedel v. Indemnity Insurance Co. of North America, 5 Cir., 1957, 239 F.2d 302, and Kersh v. The Travelers Insurance Co., 5 Cir., 1957, 250 F.2d 112, we must hold that the district court properly dismissed the complaint for want of jurisdiction. The judgment is therefore

Affirmed.