## GARRITY v. HOME INDEMNITY CO. OF NEW YORK.

### No. 8078.

Circuit Court of Appeals, Fifth Circuit.

June 22, 1936.

Rehearing Denied July 13, 1936.

Elton Cruse, W. T. McNeill, and Geo. A. Weller, all of Beaumont, Tex., for appellant.

John F. Battaile, of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant's claim for workmen's compensation under the laws of Texas was denied mainly on the ground that he had filed his claim with the Industrial Accident Board too late. The statute reads on this point: "No proceeding for compensation for injury under this law shall be maintained * * * unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same. * * * For good cause the board may, in meritorious cases, waive strict compliance with the foregoing limitations as to * * * the filing the claim before the board." Vernon's Ann.Civ.St.Tex. art. 8307, § 4a. The question here is whether good cause is shown for not filing claim sooner than fifteen months after the injury. The burden of alleging and proving good cause is on the claimant, and his showing must cover not only the first six months, but the whole time of his delay. Williamson v. Texas Indemnity Ins. Co. (Tex.Sup.) 90 S.W.(2d) 1088. Physical and mental inability to file the claim was there indicated, and the claimant was relying on his employer to handle the matter for him as it had done before, resulting in a jury issue. The claimant here was not relying

on any one else, was not affected with any mental trouble, but had tuberculosis and was simply put on a rest cure in the hospital. During the first six months after the inhalation which he claims as an industrial accident he knew his condition was serious, and learned that his employer carried workmen's compensation insurance. He had a son who was looking into it but the son died at an unstated time. He was able to go to the funeral, and at another time to vote. He also had a wife and grown daughter. He got his life insurance premium and taxes paid. A simple letter written by or for the claimant to the board would have served him. He finally, when no better off than he had been before, got a lawyer, with whom he was acquainted all the time, who filed the claim fifteen months after the alleged injury. We see only neglect and not real hindrance touching the claim. We agree with the trial judge a jury could not have properly found that good cause existed for delaying fifteen months to make it. See Amburn v. Employers' Liability Assur. Corp. (C.C.A.) 77 F.(2d) 749.

Judgment affirmed.