GENERAL ACCIDENT FIRE & LIFE ASSUR. CORPORATION, Limited, v. MARTIN.

No. 10260.

Court of Civil Appeals of Texas. San Antonio.

Oct. 27, 1937.

Rehearing Denied Dec. 1, 1937.

Phil Collins, Horace C. Bishop, C. S. Arnold, Joe Dickson, and T. M. West, all of San Antonio, for appellant.

Hull & Oliver, of San Antonio, for appellee.

MURRAY, Justice.

This is a suit under the Workmen's Compensation Law, art. 8306, et. seq. R.C. S.1925, as amended, Vernon's Ann.Civil St. art. 8306, et seq. Appellee, T. A. Martin, was the employee; A. W. Kutsche & Co. was the employer and subscriber; and appellant, General Accident Fire & Life Assurance Corporation, Limited, was the insurance carrier. The Assurance Corpora-

tion appealed from an award to Martin by the Industrial Accident Board, by filing its suit in the Fifty-Seventh district court of Bexar county. Appellee, Martin, answered, and by way of cross-action alleged that on or about the 28th day of February, 1936, he was an employee of A. W. Kutsche & Co., and that on said date, while in the course of his employment with said employer, he received an accidental injury, and that his employer had actual knowledge of said injury within 30 days after the same occurred, and that he filed his written claim for compensation with the Industrial Accident Board of Texas within six months after said injury occurred. Thereafter, during the trial, appellee, Martin, filed a trial amendment attempting to allege good cause for not filing his claim for compensation with the Industrial Accident Board of Texas within the six months' period, and further showing that said claim was not filed until the 10th day of December, 1936, some nine months after he had received his accidental injury.

Said trial amendment, omitting formal parts, reads as follows: "Now comes the cross plaintiff, T. A. Martin, with leave of Court first had and obtained, and files this his Trial Amendment, and says that he did not file his written claim with the Industrial Accident Board prior to December 10, 1936, the date upon which same was filed by him with the Industrial Accident Board of Texas, because during the intervening time he thought that he would get all right and recover, and did not fully become aware of his true condition until said time, at which time, on Dec. 10, 1936, he had become totally disabled; and that another reason is that he thought that the Insurance Company—that is, the plaintiff herein —would pay off his claim, and that a compromise would be affected; that he did not want to lose his ability to work and wanted to work if he possibly could, and all during said time up until December 10, 1936, he was in hopes and believed that eventually he would become well; that he had a family to support, and did not want to be disabled so that he could not support them; that as stated he thought all during said time that the Insurance Company would pay off and compromise his claim, but that as soon as he learned that such would not be the case, he filed his claim, with the Industrial Accident Board of Texas, and that was on December 10, 1936."

In his cross-action, appellee, Martin, alleged in part as follows:

"Cross-plaintiff would allege that he sustained a serious accidental injury while he was working on the Post Office job in San Antonio, Texas, and which said injury has totally and permanently disabled him; that he filed said claim with the Industrial Accident Board claiming compensation in excess of the amount of $500.00 and, as stated, he is totally and permanently disabled as a result of said injury; that his back was injured, his leg was injured, the tissues and ligaments involving the sacroiliac joint and the bones and joints of his vertebrae and back and spine have become injured and hardened, and the ligaments and muscles connecting same have become injured and were injured and damaged, his legs, hips, nervous system, heart, lungs, chest, neck, stomach, back, testicles and practically all parts of his body were injured and have become injured, and said injury was a producing cause of said disabilities herein described.

"Plaintiff would allege that at the time he was working on the postoffice building, a large piece of timber fell from above where he was working and struck him on the lower part of his spine or back and over toward his right hip and on the lower part of his back and hips, throwing him down, causing him to fall and fall across another object, severely injuring him as alleged herein; that his hip joint was thrown out of place and his spine was bruised and cross plaintiff believes fractured and broken and the ligaments attached and connected with the spine, and his hips, were torn, bruised and severely injured; that the muscles attached to and connected with his spine, hips and hip joints and sacroilliac joint were torn, bruised and injured; that the soft portion of his back and spine between the joints and bones were bruised and injured,—all of which condition caused and brought about by said accident, has caused his right leg to become numb and caused pains to radiate up and down said leg and has caused said leg to be unsteady, and said condition is becoming more aggravated; that his nervous system brought about and caused by said accident has become shattered and he is unable to sleep at nights as he did prior to said accident; that his hearing has become affected as a result of said accident; that the said pain and suffering in his back, hips, sacroilliac joint and leg has been so severe that his hearing and eyes have become affected therefrom; that his testicles have become

enlarged and swollen as a result of said accident, and said condition is painful, and was brought about by the falling as herein alleged, and was produced and brought about by said accident; that his heart has become affected as a result of said nervous condition and severe pain and injuries radiating through his system; that such injuries have caused his lungs to become weakened and have caused pain to radiate through his chest; that the muscles and ligaments of his neck have become numb, painful and injured as a result of said accident and pain and said disabled organs; that his stomach has become weakened; that his testicles have become badly injured as a result of said accident same being brought about by falling across an object and being struck on the lower part of his spine by the large piece of timber; that practically all parts of his system were injured because of the severity of the contact had at said accident."

■ There are no other allegations in appellee's pleadings attempting to show good cause why his claim was not filed with the Industrial Accident Board within the six months' period required by law. There are but two reasons alleged by appellee, which could in any way be regarded as showing good cause for not filing his claim within the six months' period; the first being that he believed that a compromise would be effected with the Assurance Corporation, and the second, that appellee, Martin, did not become fully aware of his physical condition until he was examined by Dr. Pridgen on or about December 7, 1936. As a matter of fact, these were the only two matters submitted to the jury by the trial judge on the question of whether or not appellee had shown good cause for the tardy filing of his claim with the Industrial Accident Board. It occurs to us that, as a matter of law, neither of the above reasons is sufficient in law to show good cause why the claim was not properly filed. It would seem that in every case the injured employee could allege that he had hopes of a compromise, or that he was not fully aware of his physical condition. Appellee's pleadings reveal the fact that he received an accidental injury, and that he realized that he was in a bad condition. He was treated for six weeks by a physician employed by appellant, and he was paid compensation for these six weeks at the rate of $18 per week. Under such circumstances, the mere belief of the injured employee that a compromise would be accomplished, or his failure to fully realize his condition, cannot constitute good cause for failure to file his claim with the Industrial Accident Board within the time required by law. (Section 4a, art. 8307, R.C.S.1925). Texas Ind. Ins. Co. v. Hayes (Tex.Civ.App.) 106 S.W.2d 760; Indemnity Ins. Co. of North America v. Williams (Tex.Com.App.) 99 S.W.2d 905; Ocean Accident & Guarantee Corporation v. Pruitt (Tex.Com.App.) 58 S.W.2d 41; Cunningham v. Fidelity & Casualty Co. of New York (Tex.Civ.App.) 102 S.W.2d 1106; Texas Employers' Ins. Ass'n v. McGehee (Tex.Civ.App.) 75 S.W.2d 123; Jones v. Texas Employers Ins. Ass'n (Tex.Com. App.) 99 S.W.2d 903.

There was no allegation, or even intimation, in the pleading that appellee was lulled into a feeling of security by the Assurance Corporation upon any promise of compromise, or that the Assurance Corporation had falsely represented to him that his claim would be compromised. And, furthermore, from a reading of all appellee's pleadings, it is plain that he did not mean to allege that he did not realize that he was seriously injured, but only that he did not fully realize his condition. Such allegations as these could be made in almost every case, especially the mere fact that the injured employee was expecting a compromise, and if such reasons were accepted as good cause for failure to file a claim in time the provisions of section 4a, art. 8307, R.C.S.1925, would become a nullity.

■ Furthermore, when we come to consider the evidence in the case, it is plain that appellee had no good reason to believe, during the six months' period, that his claim would be compromised, and certainly nothing that the agents of the Assurance Corporation did could have given him just reason to believe that his claim would be compromised. And, likewise, appellee's testimony fully shows that he knew from the day he received his accidental injury that he was in a bad condition. He testified that he was not able to sleep after the injury, as he had theretofore; that he was not able to climb a ladder or a scaffold, or do any hard work. It is clear that both the pleadings and the proof are insufficient to show good cause why appellee did not file his claim with the Industrial Accident Board within six months after he received his accidental injury.

In the absence of pleading and proof showing good cause for appellee's failure to file his claim within the six months' period, the district court was without jurisdiction to hear and determine his claim. Wiggins v. Standard Accident Ins. Co. (Tex.Civ.App.) 61 S.W.2d 579; Morgan v. Petroleum Casualty Co. (Tex.Civ. App.) 40 S.W.2d 205.

Accordingly, the judgment of the trial court will be reversed, and the cause remanded.