## MARYLAND CASUALTY CO. v. COBB et al.

### No. 10190.

Circuit Court of Appeals, Fifth Circuit.

Nov. 25, 1942.

Rehearing Denied Jan. 6, 1943.

Lloyd Kerr, of San Angelo, Tex., for appellant.

Robert P. Brown, of San Angelo, Tex., and Henry D. Akin, of Dallas, Tex., for appellees.

604

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Gussie Riehl Cobb was injured on October 22, 1938, while working in the course of her employment as a waitress at the Cactus Hotel in San Angelo, Texas. Suit for workmen's compensation benefits against Maryland Casualty Company, the employer's insurance carrier, resulted in verdict and judgment for the injured employee. Maryland Casualty Company has appealed, contending that the court erred in refusing its request for a directed verdict "because the record shows no good cause for the delay, from October 22, 1938, (the date of the injury) to December 18, 1940, in the filing of a claim for compensation with the Industrial Accident Board of the State of Texas".

Mrs. Cobb was injured when she slipped and fell on the concrete floor of the hotel kitchen. She was rendered unconscious for a short while, was then removed to her home, and the next morning went to the hospital where she remained for a few days. It was the opinion of the physician attending her that she had only suffered a sprain in the lower region of her back. After two or three weeks she was advised by her physician that she was able to return to work. She returned to work, but continued to have pains in her back, and her doctor advised her to wear a body support, which she did. The insurance company paid Mrs. Cobb the sum of six dollars as compensation, and she continued to work as a waitress. The pain did not disappear, but through the months grew steadily worse until finally she was unable to work. She consulted her doctor, the same one that attended her when she was first injured, and after a careful examination he found that she was suffering from a "dropping of her right kidney, and a slight dropping of her left kidney, what we call a kinking of the ureter, with a hydronephrosis, that is, dilation." This examination was made two years after the accident, and in describing Mrs. Cobb's condition on this occasion the doctor stated that she was definitely suffering from a disease of the kidney. "It may come from other things, but a kinking or obstruction of the ureter is what is given, as a rule, as the cause of this trouble. The fall, I would say, either made the condition which was pre-existing, considerably worse, or direct-ly caused it, I could not determine which. In my opinion, the dropping of the kidney was directly due to the fall. When I got through with my examination, that was the first time I had so arrived at that opinion." Mrs. Cobb was operated upon soon after this examination and has since been unable to work.

It is without dispute that the Cactus Hotel had prompt notice of Mrs. Cobb's injuries; and that Mrs. Cobb did not file a claim for compensation with the Industrial Accident Board until more than two years after the accident. The Texas Workmen's Compensation Law, Rev.St.Tex.1925, art. 8307, § 4a, requires that claim for compensation be filed within six months. The six months' limitation, however, does not bar the claim if it is shown that there was "good cause" for not filing the claim. Decision of this case turns, therefore, upon the question of whether the evidence raised an issue of fact as to "good cause" for not filing a claim prior to December, 1940.

■ The issue of "good cause" for not sooner giving notice and filing a claim is clearly raised by the evidence in this record. Mrs. Cobb was informed by her physician that she was suffering only from a sprained back. She relied upon his advice, and tried to work until it became impossible for her to do so. Relying on the advice of her doctor she believed her ailments were trivial, and as soon as she learned that she had been seriously injured she made prompt claim for compensation. The evidence made up a jury question. Hayes v. Commercial Standard Ins. Co., Tex.Civ.App., 140 S.W.2d 250; Commercial Standard Ins. Co. v. Hayes, 135 Tex. 288, 142 S.W.2d 897; Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Texas Employers' Ins. Ass'n v. Clark, Tex.Civ.App., 23 S.W.2d 405; American Mutual Liability Ins. Co. v. Wedgeworth, Tex.Civ.App., 140 S.W.2d 213.

■ As to appellant's other assignment of error relating to consideration of tips received by waitresses in fixing the amount of weekly compensation of the employee, it is sufficient to say that the trial court properly held that the amount of tips actually received should be included. Federal Underwriters Exchange v. Husted, Tex.Civ.App., 94 S.W.2d 540; Lloyds Casualty Co. v. Meredith, Tex.Civ.App., 63 S.W.2d 1051.

The able charge of the trial court fully and fairly covered every issue in the case, and we find no reversible error in the record.

The judgment is affirmed.