## PACIFIC EMPLOYERS' INS. CO. v. OBERLECHNER.

### No. 11857.

Circuit Court of Appeals, Fifth Circuit.

May 8, 1947.

William L. Kerr, of Midland, Tex., for appellant.

John J. Watts, of Odessa, Tex., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

This case involves only the question of whether or not the appellee showed good cause for his failure to file his claim with the Industrial Accident Board within the six months required by the Texas Workmen's Compensation Law, Rev.Stat.Tex., Article 8307, Sec. 4a, Vernon's Ann.Civ. St. Art. 8307, § 4a. Proof of his claim was not filed until 14 months after his alleged injury.

Appellant's motion for a directed verdict, on the ground that the plaintiff had failed to file claim within the time required by the statute and had also failed to show good cause for his failure so to file, was overruled. The jury returned a verdict in favor of the plaintiff.

It has been thoroughly settled by decisions of the courts of Texas that the test as to whether or not an employee had shown good cause for his delay in filing a

claim is whether or not he had prosecuted his claim for compensation with that degree of diligence that a reasonably prudent person would have exercised under the same or similar circumstances.[1]

Each case must be determined by its own facts and circumstances and since this is a case governed by State statutes and State decisions, it does not seem highly important for us to say more than that we think that the evidence in this case presented a question for the jury under the Texas decisions,[2] and that the lower Court did not err in so submitting it.

The judgment of the lower Court is affirmed.

---

[1] 45 Tex.Jur., Workmen's Compensation, § 262, and cases cited in footnote 2 on p. 739.

[2] See Consolidated Underwriters v. Pruitt, Tex.Civ.App., 180 S.W.2d 461; Great American Ind. Co. v. Beaupre, Tex.Civ.App., 191 S.W.2d 883; Royal Ind. Co. v. Earles, 5 Cir., 153 F.2d 933.