TEXAS CASUALTY INSURANCE
COMPANY, Appellant,

v.

Irene CRAWFORD, Appellee.

No. 6981.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 10, 1960.

Rehearing Denied Nov. 7, 1960.

Smith, Teed, Wade & Waters, Pampa, for appellant.

Gordon, Gordon & Buzzard, Pampa, for appellee.

DENTON, Chief Justice.

This is an appeal from a judgment of the trial court for appellee, Irene Crawford, against appellant, Texas Casualty Insurance Company, based upon a jury verdict in a Workmen's Compensation case wherein appellee recovered for alleged compensable injury resulting in a hernia. Notice of injury was not given within the required time, and good cause was alleged for such failure. Appellant denied good cause, but the jury found in favor of appellee on the question.

Error of the trial court is urged for excluding testimony relating to surgical relief offered by appellant.

While the case was pending in the Industrial Accident Board, Dr. Overton filed his report indicating operative need for the hernia. Appellant failed to tender surgery, and the Board sustained appellant's contention of no compensable injury. Before the testimony was begun, the Court sustained appellee's motion to preclude appellant from offering any evidence of surgery.

Appellee sought to excuse herself for delayed filing with the Board by showing lack of knowledge of the seriousness of her injury until she had a conversation with Dr. Overton on February 9, 1959. She had sustained a hernia on December 17, 1957.

She continued to work until January 1959. On the 14th of that month, she became ill and fainted while working. During the interim from December 17, 1957, to January 14, 1959, she had no difficulty with the hernia except an ache in the leg which she did not associate with the injury. When she was admitted to the hospital on January 14, 1959, she was ill with a high temperature, a sore throat, and a duodenal ulcer. Before she left the hospital, Dr. Overton, "after a slight examination," told her she had a hernia and to come to his office in two weeks, which would have been February 9. At his office on that day, but not before, Dr. Overton, told her not to work any more. She testified she understood she was not to work any more because of her general run-down condition and that he asked her on that date if she knew the hernia could get as big as her head, and she said, "No, I have no knowledge whatsoever with hernias; I didn't know they were serious." She also testified she didn't know women had hernias.

Following the ruling that appellant should not mention by pleading, jury examination, or evidence offered anything concerning surgical relief the court excluded Dr. Overton's testimony tendered by appellant on cross examination as to permanent disability and a present prognosis where his reply contained references to surgical relief. Following this ruling appellee's counsel was permitted to inquire of Dr. Overton in the presence of the jury as to what he told appellee concerning the hernia. Appellant then contended it should be permitted to question Dr. Overton about anything else he told appellee, including operative relief.

■ We do not find any error, from the record before us, in exclusion of the questions and answers complained about. Appellee testified that all Dr. Overton said to her at the hospital with reference to the hernia was to tell her she had one, and that he told her to take off work because of her general run-down condition. Regardless of what was said by Dr. Overton on Feb-

ruary 9 in his office concerning operative relief, it was irrelevant and immaterial so far as appellant's complaint is concerned, because it is admitted there was never a tender of surgery, the Board never ordered it, and appellee was never called upon to accept or refuse an operation. Such testimony could not have anything to do with any issue in the case. Art. 8306, Sec. 12b, Vernon's Annotated Civil Statutes; National Mutual Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089.

■ The rule authorizing the admission of the whole of a conversation where part of it has been introduced contemplates that the balance of the conversation will be relevant to and explanatory of the portion already introduced. 17 Tex.Jur. Sec. 129, p. 376; T. A. Robertson & Co. v. Russell, 51 Tex.Civ.App. 257, 111 S.W. 205 (writ refused). It is not relevant in this instance.

■ The testimony was offered by appellee upon the question of whether she knew, prior to February 9, 1959, that the hernia was serious. What Dr. Overton told her at that time could not possibly have had any bearing upon her knowledge of the disabling effect of the hernia at an earlier date, and even if it could be said that it would have impeached her, it not being fundamental error, it was not reversible error to exclude it since the record does not show it was offered for impeachment. 3 Tex.Jur.2d Sec. 108, p. 377; McCormick & Ray, Texas Law of Evidence, 2d Ed., Vol. 1, Sec. 26, p. 25; Texas Employers' Ins. Ass'n v. Melton, Tex.Civ.App., 304 S.W.2d 453; Cubine v. Morgan, Tex.Civ.App., 288 S.W. 2d 537. Anyhow, such testimony would not have been impeachment because the record shows appellee was instructed by her counsel not to give testimony having to do with surgical correction because of the court's ruling that it was inadmissible. Therefore, it would have been collateral to any issue in the case and in the nature of contradiction rather than impeachment. As such, it was not error to refuse it. 98 C.J.S. Witnesses § 633, p. 650; Pullman Co. v.

Vanderhoeven, 48 Tex.Civ.App. 414, 107 S.W. 147 (writ refused). Accordingly, appellant's first three points are overruled.

Points four, five, six and seven challenge the record concerning good cause for filing the claim for compensation after the required time following injury.

Special Issue No. 19 inquires of the jury if appellee believed, from December 17, 1957, to the time of the conversation with Dr. Overton in the hospital, that she had not sustained an incapacitating injury. Issues 20, 21 and 22 then inquire if such belief constituted good cause for not filing her claim to the time it was filed, for not giving notice to the time she did give it, for not giving notice of the injury to defendant until she did give notice to Mr. B. M. Enloe, her employer, and complains of these issues being submitted conditionally upon Issue 19.

The conditionally submitted issue is not discussed by appellant in its brief nor is any contention made of insufficiency of the evidence of good cause except for the two weeks' period from the time appellee left the hospital to the time she gave notice and filed her claim. Therefore, we shall confine our remarks to that period.

Appellee was dismissed from the hospital on January 25, 1959, from a serious illness. She had been told she had a hernia but its seriousness was not mentioned, and it is clear from the record she did not consider it as anything serious. Her doctor told her to rest for two weeks and then come to his office and their girl would fill out an injury form for her. When she went back on February 9 she was told of the seriousness of the hernia. On that day she gave notice and the next day went to her attorney, who immediately filed her claim for compensation.

■■ Under this state of the record, we believe there was sufficient evidence for the submission of the issues complained about. We believe the law is well settled that a bona fide belief of a claimant that

injuries are not serious is sufficient to constitute good cause for delay. Our Supreme Court in Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, 373 recognized there will be some delay between the time of filing and the time a claimant knows or suspects the true facts where there is misapprehension as to the nature and seriousness of the injury. Justice Folley speaking for that court said:

"Neither do we conclude as a matter of law that he was imprudent in delaying eight or nine days in filing his claim after he learned on March 19, 1946, that his injuries were to be serious. During that interval he was examined by another physician who confirmed his views as to the severity of his injuries. On the eighth day after March 19 he visited his attorney who immediately filed his claim.

"In all cases a reasonable time should be allowed for the investigation, preparation and filing of a claim after the seriousness of the injuries is suspected or determined. No set rule could be established for measuring diligence in this respect. Each case must rest upon its own facts. This court refused an application for a writ of error in Texas Employers' Ins. Ass'n v. Fowler, Tex. Civ.App., 140 S.W.2d 545, where recovery was allowed upon a jury finding of good cause when 23 days elapsed from the time the claimant was advised for the first time that his injuries were serious until his claim was filed. These * * * facts, and the delays prior thereto, are ordinarily elements of prudence to be considered by the jury or the trier of facts in finally determining the question of good cause. Like all other issues they become conclusive against the claimant only when reasonable minds could reach no other conclusion."

There were only six days longer in the case at bar than in the case from which we have just quoted, but in Texas Employers' Ins. Ass'n v. Fowler, Tex.Civ.App., 140 S.W.2d 545 (writ refused), the Supreme Court has approved a situation where the delay extended 23 days. As said by the Supreme Court in the Hawkins case, each case must rest upon its own facts and such issues "become conclusive against the claimant only when reasonable minds could reach no other conclusion." We believe significance should be given to the fact that appellee was recovering from a serious illness and that the doctor told her to rest during the two weeks' period. These facts, together with the evident fact that appellee did not consider a hernia on herself to be serious, constitute sufficient evidence for submission to the jury of the questions under discussion.

Appellant next raises the point of error because the charge repeated the instruction that total and partial disability cannot exist at the same time. The instruction was given in connection with the definition of partial disability and given the second time following the issue which inquired about the existence of partial incapacity. It is not urged that the definition was improper but that it was reversible error to repeat it.

We are unable to see from the instruction that it could be taken to mean that the jury should find total and not partial or that they should find partial and not total. The instruction states the proposition both ways.

■ Repetition of itself in a charge is not error. Dallas Railway & Terminal v. Bailey, 151 Tex. 359, 250 S.W.2d 379, Syl. 13; Wolf Cigar Stores v. Kramer, 50 Tex. Civ.App. 411, 109 S.W. 990 (writ refused); Texas Cent. R. Co. v. Dumas, Tex.Civ.App., 149 S.W. 543. In any event, there is not anything in the record to cause us to believe that the repetition complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment within the meaning of Rule 434, Vernon's Annotated Texas Rules of Civil Procedure.

The remaining ten points urge error in the failure of the court to submit ten of appellant's requested issues having to do with prior physical condition or disability. We have carefully read appellant's pleadings upon which it went to trial, and we have failed to find any pleading upon prior physical condition or disability. In the absence of such pleadings, we believe there was not any reversible error in the refusal of the court to give the requested issues, there being no pleadings to support them. Rules 94 and 279, V.A.T.R. The former rule, relating to the pleading of affirmative defenses, provides in part as follows:

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."

Rule 279 on the subject says in part:

"When the court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence, and, except in trespass to try title, statutory partition proceedings and other special proceedings in which the pleadings are specially defined by statutes or procedural rules, a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part."

Under these rules, we believe it is the well established law of this State that reversible error does not exist for refusing issues that have no support in the pleading. Luther Transfer & Storage v. Walton, 156 Tex. 492, 296 S.W.2d 750; Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 769 (writ refused); Traders & Gen. Ins. Co. v. Rischer, Tex.Civ.App., 210 S.W.2d 652; Associated Employers Lloyds et al. v. Aiken, Tex.Civ.App., 201 S.W.2d 856.

Finding no reversible error herein, the judgment of the trial court is in all things affirmed.