**EMPLOYERS REINSURANCE CORPO-RATION, Appellant,**

v.

**James W. INGRAM, Appellee.**

**No. 7190.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 15, 1960.

Rehearing Denied Dec. 6, 1960.

Jones & Jones, Mineola, R. H. Whilden, C. E. Nadeau, Houston, for appellant.

W. D. Brown, Quitman, Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellee.

DAVIS, Justice.

This is a workmen's compensation case involving a back injury. Plaintiff-appellee received an injury to his back while working for Shell Oil Company in Wood County, Texas, on October 24, 1957. A little more than seven months thereafter he filed his claim for compensation with the Industrial Accident Board in which he made claim for the October 24, 1957 injury and an injury on March 3, 1958. After a hearing by the Board an appeal was taken to the District Court of Wood County, Texas. In a trial before a jury, a verdict favorable to appellee was returned, and judgment was entered for total and permanent disability. Appellant-defendant, Employers Reinsurance Corporation, has perfected its appeal and brings forward seven points of error.

By its points 1, 2, and 3, appellant complains of the action of the trial court in entering judgment for the appellee because; (1) under appellee's testimony, his admissions on deposition, and the undisputed evidence as a matter of law, "good cause" did not exist for failure to file his claim within the six months statutory period; (2) because the jury findings that appellee was totally and permanently disabled from and after October 24, 1957, are in conflict with its findings on "good cause" for appellee's failure to file his claim, and not supported by the evidence since it is undisputed that, except for three weeks in March 1958, appellee worked at his regular occupation from January 8, 1958 to March 20, 1958; and, (3) in submitting Special Issues Nos. 11 through 17 pertaining to "good cause" over appellant's objections because such issues are not supported by the evidence, and are not authorized by the pleadings, or are vague and indefinite. We must decide whether or not there is any evidence of probative force to support the jury's findings that good cause did exist. As we view the evidence, we find that the appellee testified that Dr. Milton Freiberg, the company orthopedic specialist, told him at the time he was discharged from a Tyler hospital some 4–5 days after his injury on October 24, 1957, that his back was sprained, but that his injuries were not serious. The Doctor advised him the same thing on the several occasions he was examined by this doctor through January 7, 1958. Appellee swore he relied upon these statements.

Appellee also testified that Dr. Ben Merritt who was appellee's personal physician at times and the Company's physician at other times during his illness, told him his injuries were not serious, and he relied upon such statements and went back to his job. He was supposed to do light work. Dr. Merritt testified in person that on the many occasions he saw plaintiff professionally from October, 1957 through March, 1958, he told appellee repeatedly that his injuries were not serious and that he would overcome them. Dr. Freiberg testified that he told plaintiff that his injuries were not serious during the entire time he treated him from October 27, 1957 through January 7, 1958.

Doctor Norman Hines, who regularly does medical practice for Shell Oil Company, told appellee's employer in May, 1958, that appellee was not injured and was ready for work, which information was to be relayed to appellee by the company.

Appellee was assured by Mr. Courtney, Quitman District Superintendent for Shell Oil Company, on January 10, 1958, that he would receive all that was due him because the Company carried Workmen's Compensation insurance. He was repeatedly assured from shortly after his injury until the latter part of May, 1958, by his gangpusher, E. M. Moore, that he would receive all that was due him in the way of Workmen's Compensation. He was further assured by Mr. Courtney, along about the middle of May, 1958 that he would be fully compen-

sated. Appellee relied upon these statements.

On May 23, 1958 appellee decided to see an orthopedic specialist of his own choice. He went to see Dr. Marvin P. Knight of Dallas, and after his examination by Dr. Knight was when he first concluded that his injuries were serious. Dr. Knight told the appellee (we quote appellee's testimony) that

"My back is in serious condition, and be awfully careful; might be paralyzed if I didn't, and should be in the hospital."

Appellee went home and remained in bed until he had to fill an appointment the Company made for him with Dr. Hines in Houston on May 27, 1958.

Appellee returned from Houston to his home on May 28, 1958, and on May 29, 1958 he called one of his attorneys residing in Quitman, but could not locate him. He then was carried to Sulphur Springs to look for a lawyer, and where he employed Howard S. Smith. On that date his notice of injuries and claim for compensation was placed in the mail and was shown as received and filed by the Industrial Accident Board on May 31, 1958. There is sufficient evidence of probative force sufficient to support the jury's finding on "good cause", and the court did not err on entering the judgment. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, and American General Insurance Co. v. Quinn, Tex.Civ. App., 277 S.W.2d 223, w. r., n. r. e.

By the very definition of "good cause" the inquiry is, in effect, whether the claimant was, or was not negligent in failing to file his claim with the Industrial Accident Board sooner than he did. If there is evidence by the claimant of some care and prudence in the prosecution of his claim the sufficiency of the care exercised presents a jury question. Texas Employers' Ins. Ass'n, v. Crain, Tex.Civ.App., 259 S.W.2d 905, w. r., n. r. e.; Texas & Pac. Ry. Co. v. Day,

145 Tex. 277, 197 S.W.2d 332. The attitude of our courts towards upholding jury findings of "good cause" is fully expressed in Petroleum Casualty Co. v. Garrison, Tex. Civ.App., 174 S.W.2d 74, w. r., want of merit. The appellant's points 1, 2, and 3 are overruled.

By its points 4 and 6, it complains of the action of the trial court in refusing to admit into evidence a letter written by Dr. Milton Freiberg to Shell Oil Company, and a letter written by Howard S. Smith to the Industrial Accident Board. It fails to point out any theory under which the letters would be admissible, and the points are overruled.

By its point 5, appellant complains of the action of the trial court in entering a judgment on the jury finding on Special Issue No. 19 that appellee did not sustain a personal injury on March 3, 1958, when the claim before the Industrial Accident Board and the original petition in this case set out such accident. In appellee's deposition, he testified that an accident occurred. Appellee possibly believed that he did receive an injury on March 3, 1958, but the jury failed to believe him. Under the evidence, and the testimony of Dr. P. M. DeCharles, the appellee had recurring attacks of disk pathology, rather than reinjury or a second injury on March 3, 1958, following his original injury on October 24, 1957. At most, this produced some conflicting evidence to that effect, and the jury resolved the conflict in favor of the October 24, 1957 injury. The apparent inconsistencies of appellee's position may be explained by any existing circumstances which tend to remove its effect. 1 Texas Law of Evidence 549, Sec. 698, McCormick and Ray. Point 5 is overruled.

By its point 7 appellant complains of the action of the trial court in refusing to admit in evidence the testimony of the doctors as to the probable effect of an operation. The Supreme Court of Texas in Truck Insurance Exchange v. Seelbach, 339

S.W.2d 521, has decided this point. In that case, the Supreme Court upheld the decisions of this court in American General Insurance Co. v. Quinn, Tex.Civ.App., 277 S.W.2d 223, w. r., n. r. e., and Texas Employers' Insurance Ass'n, v. Kubiak, Tex. Civ.App., 276 S.W.2d 909, w. r., n. r. e. It also, in effect, overruled National Surety Corp. v. Bellah, 5 Cir., 245 F.2d 936. The point is overruled.

The judgment of the trial court is affirmed.