GENERAL ACCIDENT FIRE AND LIFE
ASSURANCE CORPORATION, Ltd.,
Appellant,

v.

J. J. HARDIN, Appellee.

No. 18710.

United States Court of Appeals
Fifth Circuit.

June 2, 1961.

Hutcheson, Circuit Judge, dissented.

Perry D. Davis, Jr., Elton Gilliland, of McDonald, Shafer & Gilliland, Odessa, Tex., for appellant.

Tom Sneed, John J. Watts, Odessa, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

The question here is whether the Judge's finding is clearly erroneous, F.R. Civ.P. 52(a), 28 U.S.C.A., that the Claimant had good cause for failure to file his Texas workmen's compensation claim after the expiration of the six-months' period. Tex.Civ.Stat. art. 8307, § 4a.

There is no longer any dispute that an injury occurred and that notice of injury was given. Hardin was working as a welder for a construction company. While engaged in welding, he sustained an injury on July 4, 1957 when he was caused to raise his head suddenly. Wearing helmet and a welder's protective shield as he was, this forced his safety helmet down on his head and neck. The doctor appearing as an expert in his behalf was of the opinion that as a result of this occurrence he had suffered an injury to the intervertebral disc in the cervical area. The Insurer's medical witness thought the narrowing of the space must have existed long prior to July 4. But nonetheless he acknowledged that the narrowing was present indicating nerve root damage of a kind consistent with the patient's history and complaint of pain and disability. He was also of the view that an accident of the type described by Hardin could have caused this condition.

Claim for compensation was not, however, filed within six months. The claim was not filed until March 1958. Hardin's theory justifying delay was his genuine belief, fortified by a like opinion from his chiropractor, that his injuries were not serious and were trivial in nature.

We are told in the briefs that there are over 200 Texas cases construing good cause. We have dealt with the problem a number of times ourselves. Wedel v. Indemnity Insurance Co. of North America, 5 Cir., 1957, 239 F.2d 302; Fortenberry v. Maryland Casualty Company, 5 Cir., 1957, 247 F.2d 702; American Motorists Insurance Co. v. Boortz, 5 Cir., 1952, 197 F.2d 900; Aetna Casualty & Surety Co. v. Rhine, 5 Cir., 1945, 152 F.2d 368; Maryland Casualty Co. v. Cobb, 5 Cir., 1942, 131 F.2d 603; Mayers v. Associated Indemnity Corp., 5 Cir., 1939, 108 F.2d 89. There is no reason here to add to this bulk by an extended discussion of these principles. They were well summarized in Wedel v. Indemnity Insurance Co. of North America, supra, and painstakingly applied in Fortenberry v. Maryland Casualty Company, supra. Of course we are dealing with Texas law and we must, and do, take our lead from the authoritative decisions of the Texas Courts.

The Texas law has not varied for the 12 years between Hawkins v. Safety Casualty Co., 1948, 146 Tex. 381, 207 S.W.2d 370, and Texas Casualty Insurance Company v. Crawford, Tex.Civ. App.1960, 340 S.W.2d 110. The Hawkins case, in the plainest of terms, declared that the " * * * law is well settled that a bona fide belief of a claimant that his injuries are not serious but trivial is sufficient to constitute good cause for delay in filing a claim. It also has been held a number of times that the advice of a physician, upon whom a claimant relies, that injuries are not of a serious nature, but are temporary or trivial, is sufficient to justify a claimant's delay until he learns, or by the use of reasonable diligence should have learned, that his injuries are serious. * * *" 207 S.W.2d 370, at page 372. Neither the intervening years nor the flood of precedents have introduced any qualifications. For in almost identical words, Crawford now states, "We believe the law is well settled that a bona fide

belief of a claimant that injuries are not serious is sufficient to constitute good cause for delay." 340 S.W.2d 110, at pages 112–113; see also Employers Reinsurance Corp. v. Ingram, Tex.Civ. App.1960, 340 S.W.2d 848, at page 850 (error ref. n. r. e.).

■ Likewise, reliance by the Claimant upon advice of a physician may afford a basis in itself. "Advice from a physician that his injuries are not serious constitutes good cause for failure to file a claim within the prescribed time, provided the claimant, in the exercise of ordinary care, believes and relies upon that advice." Harkey v. Texas Employers' Insurance Association, 1948, 146 Tex. 504, 208 S.W.2d 919, at page 922; Consolidated Underwriters v. Pruitt, Tex.Civ.App.1944, 180 S.W.2d 461, at page 464 (error ref. w. o. m.).

Of course under any such unavoidably broad standard, the results vary according to the facts. In some the question is one of fact for the fact-trier. In others the facts are of such a nature as to compel a direction of a verdict or a non-jury finding as a matter of law. See, e. g., Fortenberry v. Maryland Casualty Co., 5 Cir., 1957, 247 F.2d 702; Driver v. Texas Employers' Insurance Association, Tex.Civ.App.1953, 266 S.W.2d 401, at page 403 (error ref. n. r. e.); Texas Employers' Insurance Association v. Portley, 1953, 153 Tex. 62, 263 S.W.2d 247, at page 250; Mayers v. Associated Indemnity Corp., 5 Cir., 1939, 108 F.2d 89, at page 90; General Accident Fire & Life Assurance Corp. v. Martin, Tex.Civ. App.1937, 110 S.W.2d 258, at page 260.

■■ The circumstances of this record were sufficient to warrant the Judge drawing the inference that Hardin in good faith thought his injuries were trivial, not serious. A strong factor, consistent with that belief, was his continued employment with no time lost. He continued to work for the Texas employer until the job was completed. He then went to California where he shortly obtained employment with another concern. He continued in that work until the time the claim was actually filed. It is true that following the injury he went to a chiropractor in Texas who gave him a few treatments. Later on in November while in California his neck started to give him some pain, so he wrote the chiropractor. The substance of the chiropractor's brief advice received some time in January 1958 was that if Hardin would take some treatments from local chiropractors it would clear up. The existence of pain and discomfort while certainly a factor in the total picture of evaluating compliance with the standard of reasonable prudence is not decisive. The Texas law recognizes that "while * * * belief continues * * *" in good faith that injuries are not serious "* * * the fact that almost constant pain exists does not affect the issue; since pain and suffering are not compensable * * *." Harkey v. Texas Employers' Insurance Association, 1948, 146 Tex. 504, 208 S.W.2d 919, at page 922. Following the receipt of this postcard advice from his former chiropractor in Texas, he obtained a few treatments in California. But all the while he continued working on his job. In March he could see that the injuries were not trivial and that they were not clearing up as the chiropractor had predicted. Immediately he filed his written claim for compensation. There was thus no interval between the realization that the injuries were not, as formerly supposed, trivial and the time of filing. American Motorists Insurance Co. v. Boortz, 5 Cir., 1952, 197 F.2d 900, at page 901, note 1; and Wedel v. Indemnity Insurance Co. of North America, 5 Cir., 1957, 239 F.2d 302, at page 306.

■■ The Judge hearing and seeing the witnesses, including the plaintiff Hardin, concluded that the facts met the Texas test that "* * * delay may not be excused unless the belief that the injury or condition was not serious would have been entertained by a reasonably prudent person in the same or similar circumstances. * * *." Texas Employers' Insurance Association v. Port-

ley, 1953, 153 Tex. 62, 263 S.W.2d 247, at page 250. Acknowledged ignorance by Hardin that the law required a claim within six months did not foreclose the court from reaching the conclusion it did. Lack of knowledge of the law is not good cause, Petroleum Casualty Co. v. Dean, Tex.Com.App.1939, 132 Tex. 320, 122 S.W.2d 1053, at page 1056, but application of the Hawkins principle is not limited to those who are both tardy and know the filing requirements of the Act.

■ Whatever we might have done were the fact decision ours, we do not think that this record is such that we are left with the conviction that the Judge's decision was contrary to the truth and right of the case. F.R.Civ.P. 52(a). United States v. Yellow Cab Co., 1949, 338 U.S. 338, 341, 70 S.Ct. 177, 94 L.Ed. 150; United States v. Kaplan, 5 Cir., 1960, 277 F.2d 405, 408; Sanders v. Leech, 5 Cir., 1946, 158 F.2d 486, 487.

Affirmed.

HUTCHESON, Circuit Judge (dissenting).

While the majority opinion in this case does cite most of the leading cases in this court and in the state court on the question of good cause and claims to follow them, it seems quite clear to me that, in its opinion, the majority has misapprehended and failed to apply the true touchstone in cases of this kind.

As the opinion of the majority states it, the touchstone is the bona fide belief of the claimant, while the authoritative decisions cited in the opinion show the test is not the subjective one of what or how the claimant actually felt about his injuries but the objective one of whether his actions were those of a person of ordinary prudence.

This is the way the test is stated in the authoritative decisions, state and federal:

"Advice from a physician that his injuries are not serious constitutes good cause for failure to file a claim within the prescribed time, *provided the claimant, in the exercise of ordinary care, believes and relies upon that advice."* (emphasis added) Harkey v. Texas, Employers' Insurance Ass'n, 146 Tex. 504, at page 508, 208 S.W.2d 919, 922.

In American Motorists Ins. Co. v. Boortz, 197 F.2d 900, this court, citing and relying on the authoritative Texas cases, at page 902, quoting from Pacific Employers' Ins. Co. v. Oberlechner, 5 Cir., 161 F.2d 180, stated the principle thus:

"It has been thoroughly settled by decisions of the courts of Texas that the test as to whether or not an employee had shown good cause for his delay in filing a claim is whether or not he had *prosecuted his claim for compensation with that degree of diligence that a reasonably prudent person would have exercised under the same or similar circumstances.* (emphasis added)

"Each case must be determined on its own facts and circumstances, and, since this is a case governed by State statutes and State decisions, it does not seem highly important to us to say more than that we think that the evidence in this case presented a question for the jury under the Texas decisions, and that the lower court did not err in so submitting it."

In Copinjon v. Aetna Cas. & Surety Co., Tex.Civ.App., 242 S.W.2d 219, 220, one of the leading cases in Texas, it was said:

"It has been held that a good faith belief on the part of a claimant that his injuries were not serious may constitute 'good cause' for failing to present a claim within the statutory time. *Such belief, however, must meet the primary test of ordinary prudence.* Hawkins v. Safety Cas. Co., 146 Tex. 381, 207 S.W.2d 370." (Emphasis added.)

It is, therefore, one thing to say that the claimant in good faith believed the things that he put up as good cause. It is quite another to say that a person

**866**

of ordinary prudence would and should have so believed. If the test were merely the subjective one of the reality of the claimant's belief in the cause he put forward, the test would have no basis in law to stand on. Based as it is on the objective standard, the presence or absence of good cause must be determined not by the sincerity of the claimant's belief in the cause put forward but by whether a reasonably prudent person would have so believed.

As this court carefully pointed out in Fortenberry v. Maryland Cas. Co., 247 F.2d 702, 705, in these cases, this court is applying Texas law and is bound by the test laid down by Texas courts, "in determining what constitutes 'good cause' within this statute". Since this is so, it is essential that this court follow this Texas test rather than making tests of its own, and it can do nothing but add to the confusion and defeat the purpose and intent of the law if this court, as the majority opinion now seems to do, makes the test of "good cause" the genuineness of the subjective feelings, rather than the objective question of what a reasonably prudent person would or would not have done.

Read the record as one will, I do not think there can be gleaned from it any evidence to support the legal conclusion of the district judge and of this court that good cause was shown for not filing.

I, therefore, dissent from the decision as erroneous, as making a severe breach in controlling Texas law, and as contrary to the decisions of this court in Fortenberry v. Maryland Casualty Co., supra, American Motors v. Boortz, supra, and Wedel v. Indemnity Ins. Co. of North America, 239 F.2d 302.

In Fortenberry v. Maryland Casualty Co., supra, Judge Rives, for the court, declared:

"In determining what constitutes 'good cause' within this statute, the Texas courts, in addition *to establishing a general test of ordinary prudence, have declared certain rea-*

*sons insufficient as matter of law to show good cause. Among such insufficient reasons are the mere belief that the claimant will recover or get well. * * *"* (Emphasis added.)

In my opinion, this case falls clearly within the principle there stated. I, therefore, Dissent from the affirmance of the judgment.