**RYDER SERVICES CORPORATION,**
**Plaintiff,**

v.

**Preston Clyde SAVAGE, Defendant.**

**Civil Action No. CV 96–AR–2649–S.**

United States District Court,
N.D. Alabama,
Southern Division.

Nov. 25, 1996.

Bennett L. Pugh, Thomas Christopher Logan, Rives & Peterson, Birmingham, AL, for plaintiff.

Gene T. Moore, Tuscaloosa, AL, for defendant.

## MEMORANDUM OPINION

ACKER, District Judge.

This case represents some highly creative thinking by plaintiff, Ryder Services Corporation ("Ryder"). Instead of waiting to be sued in state court by Preston Clyde Savage ("Savage"), its employee, under Alabama's Workers' Compensation Act, Ala.Code §§ 25–5–1 et seq., and thus be precluded by 28 U.S.C. § 1445(c) from removing the case to this court, Ryder has filed in this court a request for a declaration of non-liability on Savage's prospective claim for workers' compensation for an alleged work related injury.

Ryder attempts to invoke this court's jurisdiction on the basis of 28 U.S.C. § 1332, alleging that the parties have diverse citizenships and that Savage makes "a 'colorable' claim in excess of $50,000." This court will assume that Ryder concedes that if it owes Savage anything, it owes him $50,000 or more. If Ryder can proceed in this court, Savage's claim for workers' compensation would become a compulsory counterclaim under Rule 13(a), F.R.Civ.P. Savage has filed a motion to dismiss, which is the subject of this opinion.

### Does This Court Have Jurisdiction?

Savage argues that implicit in 28 U.S.C. § 1445(c), construed in conjunction with Ala.Code § 25–5–81(a)(1), is Congressional recognition of exclusive jurisdiction in Alabama's courts over workers' compensation cases that arise in Alabama. Ryder responds with a single case, namely, *Williams v. Champion Intern. Corp.*, 899 F.Supp. 565 (M.D.Ala.1995), which Ryder cites for the following simplistic proposition:

Federal Courts in Alabama do have jurisdiction over a workers' compensation case if diversity of citizenship exists between the parties and the amount in controversy exceeds $50,000.

It would take more than reading between the lines to discover this proposition in *Williams*, which, even if it did contain such a holding, would not be binding on this court. A better authority for Ryder would be *Collins v. Central Foundry Co.*, 263 F.2d 712 (5th Cir.1959), a decision which *is* binding on this court. *Central Foundry* was the Fifth Circuit's response to an appeal of a decision by this very court in an action brought by an Alabama employee against his employer under Alabama's Workers' Compensation Act. The question of jurisdiction was not raised and not mentioned in *Central Foundry*. Because a lack of subject matter jurisdiction cannot be waived, Ryder could have argued that implicit in *Central Foundry* is a finding, first by the district judge and then by the Fifth Circuit, that the doors of federal courts are open to workers' compensation cases if initially filed there by an employee, that is, if diversity of citizenship and the requisite

amount in controversy exist. This court prefers to believe that any such holding in *Central Foundry* was purely accidental and unintentional and does not constitute binding precedent.

Assuming *arguendo,* that *Central Foundry* is a precedent for an employee's right to sue his employer in a federal court in Alabama for job related injuries, there are nevertheless holes in Ryder's argument. In the instant case, the *employee* has not invoked the jurisdiction of this court as he did in *Central Foundry.* Instead, the employee is *contesting* jurisdiction. The *employer* has simply beaten the employee to the courthouse and picked the *federal* courthouse. What Ryder has done has never been done before, insofar as this court can ascertain. Of course, just because something has never been done before does not, in and of itself, prove that it cannot be done, but the fact that it has never been done does raise the question of why no other employer has ever had Ryder's bright idea. This court's wondering about the absence of clear precedent leads to more questions. First, what if Savage had beaten Ryder to the courthouse, namely the *state* courthouse? Under such circumstance Ryder could not have removed the case to this court. Second, what if Savage should *now* file a workers' compensation suit in the state court? Again, Ryder could not remove it. The state court would owe no deference to this court. To the contrary, this court should defer, in which event the race to judgment would be won in the state court, creating a *res judicata* defense in this court for the winner in the state court. This court most certainly would not enjoin or otherwise interfere with a state court proceeding. Instead, it would stay the proceeding in this court pending the outcome in the state court. Third, if Ryder can avoid the prohibition promised by 28 U.S.C. § 1445(c) against removal jurisdiction in workers' compensation cases, a preemptive filing of a declaratory judgment action in federal court could likewise be used to circumvent the similar non-removability of certain other kinds of cases as provided by 28 U.S.C. § 1445(a), (b) and (d). Fourth, and finally, Savage's workers' compensation claim, like all workers' compensation claims, is purely a creature of state

statute. As the Fifth Circuit said in *Fortenberry v. Maryland Casualty Co.,* 247 F.2d 702, 705 (5th Cir.1957):

> *The proceeding being statutory and unknown to the common law,* the kind of jury trial to which the parties are entitled is not that preserved by the seventh amendment, but is controlled entirely by Texas state law.

(emphasis supplied.)

When the Alabama Legislature established this new, specialized cause of action, that policy making body simultaneously provided the forum for deciding it. Ala.Code § 25–5–81(a)(1) provides in pertinent part:

> (a) Commencement of action *in circuit court.*
>
> (1) Procedure.—In case of a dispute between employer and employee or between the dependents of a deceased employee and the employer with respect to the right to compensation under this article and Article 2 of this chapter, or the amount thereof, *either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil action in tort between the parties. The controversy shall be heard and determined by the judge* who would hear and determine a civil action between the same parties arising out of tort, and, in case there is more than one judge of the court, the controversies shall be set and assigned for hearing under the same rules and statutes that civil actions in tort are set and assigned. The court may hear and determine the controversies in a summary manner. The decision of the judge hearing the same shall be conclusive and binding between the parties, subject to the right of appeal provided for in this article.

(emphasis supplied.)

It appears to this court that the Alabama Legislature intended that its newly created cause of action be tried only in an Alabama trial court. When the Legislature provided that the controversy be tried by the judge without a jury unless a defense is interposed by the employer claiming wilful misconduct by the employee, it was providing a procedure that is inconsistent with the jury trial

available in a federal declaratory judgment action that is governed by the Declaratory Judgment Act and the Seventh Amendment. Federal judges follow the *procedural* rules applicable in their courts. The Alabama Legislature created a specialized method of review not available in federal courts. Ala. Code §§ 25–5–81(e), (d). There can be no doubt that the Congress of the United States can create a statutory cause of action and simultaneously grant exclusive jurisdiction over it to the federal courts. Congress from time to time chooses to grant concurrent jurisdiction to state courts over such causes, but the forum for its statutory creations is the choice of Congress. Likewise, a state legislature can create a cause of action with strings attached, a cause of action that cannot be pursued except in the courts of that state and under its procedural rules. This is what the State of Alabama has done in its workers' compensation scheme.

### *An Alternative Exercise of Discretion by this Court*

This court will assume only for the sake of the argument that Ryder's filing in this court provides a theoretical escape from the state forum in workers' compensation cases. Although Ryder does not expressly invoke 28 U.S.C. § 2201, the Declaratory Judgment Act, perhaps for good reason, Ryder's complaint is necessarily one brought pursuant to that statute. The Declaratory Judgment Act does not itself provide a basis for jurisdiction. It says that a federal court "*may* declare the rights and/or the legal relations of any interested party seeking such a declaration." (emphasis supplied.) District courts have a substantial measure of discretion as they undertake to decide whether or not to entertain a particular suit for declaratory relief, even though a basis for federal jurisdiction exists. *Commercial Metals Co. v. Balfour, Guthrie & Co., Ltd.*, 577 F.2d 264 (5th Cir.1978). One criterion for determining whether or not a federal court should entertain a particular requested declaration is the interest a state has in the interpretation of its law. *Matter of Baby K*, 832 F.Supp. 1022 (E.D.Va.), *aff'd*, 16 F.3d 590, *cert. denied*, — U.S. —, 115 S.Ct. 91, 130 L.Ed.2d 42 (1994). One court has held that *where the underlying state law claim would be non-removable*, as Savage's case would be if it had been filed in the state court, the federal court's discretion under 28 U.S.C. § 2201 should be exercised so as to decline jurisdiction. *Cardinal Cas. Co. v. S.E.C.U.R.E.*, 842 F.Supp. 899 (S.D.W.Va. 1994).

### *Conclusion*

Even if this court has the power to rule upon Ryder's declaratory judgment action, the court, considering the totality of the circumstances, chooses not to do so, and in an exercise of its discretion will, by separate order, dismiss Ryder's action without prejudice.