**POTOMAC ELECTRIC POWER COMPANY**

v.

**PANDA BRANDYWINE, L.P.**

Civil No. S 00–1103.

United States District Court, D. Maryland.

June 14, 2000.

Mark H. Kolman, Dickstein Shapiro Morin & Oshinsky, LLP, Washington, DC, for Potomac Electric Power Company, plaintiffs.

John Tormey, Chadbourne & Parke LLP, Washington, DC, David C. Mancini, Venable, Baetjer and Howard, LLP, McLean, VA, Brian A. Miller, Robert A. Schwinger, Law Office, New York City, for Panda Brandywine, L.P., defendant.

Susan Stevens Miller, Assistant People's Counsel, Baltimore, MD, Brock C. Hutton, Maryland Public Service Commission, Baltimore, MD, Valerie Lavet Dennis Green, Public Service Commission of Maryland, Baltimore, MD, for Public Service Commission of Maryland, intervenor-plaintiff.

### MEMORANDUM OPINION

SMALKIN, District Judge.

Claiming in its first amended complaint that it is invoking both the federal question and the diversity jurisdiction of this Court to seek a declaratory judgment and money damages, the plaintiff, which is a major electric generating and distribution utility, asks relief against the defendant, which is a cogeneration facility certified under the Public Utility Regulatory Policies Act of 1978 (PURPA). The plaintiff claims that, contrary to the terms of the regulations issued under PURPA governing certification of Qualifying Cogeneration Facilities and in violation of its contract with plaintiff, the defendant is not, in fact, a Qualifying Facility (QF), because it has failed to conform to the requirements for certification. The defendant has moved to dismiss. The issues have been adequately briefed, and no oral argument is needed. Local Rule 105.6, D.Md. The Public Service Commission of Maryland has requested leave to intervene, a matter that the Court will address *post.*

There is a complex set of regulations promulgated by the Federal Energy

Regulatory Commission (FERC) governing QFs and their certification. *See* 18 C.F.R. Part 292 (1999). Insofar as the plaintiff seeks declaratory relief from this Court that the defendant's facility does not meet the criteria for certification as a QF prescribed in the cited Regulations, it is clear to this Court that it should, at the least, exercise its discretion to withhold such declaratory relief(and, at the most, might not even have the jurisdiction to grant relief at all) in light of the statute and its extensive regulatory implementation under the FERC's jurisdiction (with exclusive judicial review in the Courts of Appeal, *see Southwest Center for Biological Diversity v. FERC*, 967 F.Supp. 1166, 1172–73 (D.Ariz.1997)), for the reasons stated in *Independent Energy Producers Ass'n, Inc. v. California Public Utilities Com'n*, 36 F.3d 848, 854 n. 11 and 857 (9th Cir.1994). *See also Ryder Services Corp. v. Savage*, 945 F.Supp. 232, 235 (N.D.Ala. 1996) (role of discretion in declaratory judgment cases). Thus, the Court will dismiss Count I, which calls for a declaration that the defendant is not a QF and that its QF status should be revoked, retroactive to a date certain.

The situation regarding the contract claim in Count II is a bit more complex, as not only is a declaratory judgment sought as to the breach of a contract, but there is a claim for damages that goes beyond declaratory judgment and is within the original jurisdiction of this Court, on account of the diversity of citizenship of the parties. Thus, the discretionary factors counseling against the exercise of the Court's declaratory judgment power relevant to Count I (which is a non-monetary claim resting, apparently, on the federal question jurisdiction of the Court (the Declaratory Judgment Act not providing—as is well-understood—an independent source of original jurisdiction)) are not applicable, in terms, to Count II. In that Count II does not seek declaratory relief, absent some other authority for withholding adjudication, the Court would be powerless to dismiss the complaint on jurisdictional grounds, at least insofar as monetary damages are sought. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719–21, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)

■ There is, however, a principle of jurisdictional restraint applicable to this case that, although little used, is well-recognized in both Supreme Court and Fourth Circuit precedent. It is the principle of "primary jurisdiction," which counsels that when a determinative issue, although properly before an Article III court, is "within the special competence of an administrative agency...[the court is enabled to make] a referral to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *In re Bulldog Trucking, Inc.*, 66 F.3d 1390, 1399–1400 (4th Cir.1995)( *quoting from Reiter v. Cooper*, 507 U.S. 258, 268–69, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993)). The *Reiter* Court held not only that the federal district court could properly stay the proceedings, but could, in the exercise of its discretion, dismiss without prejudice if the parties would not be "unfairly disadvantaged" by such dismissal. *Reiter*, 507 U.S. at 268–69, 113 S.Ct. 1213.

In *Bulldog Trucking*, the Fourth Circuit held not only that the lower court had the discretion to stay or to dismiss the case without prejudice, but that the lower court had erred in refusing to do so. *Bulldog Trucking*, 66 F.3d at 1400. Although *Bulldog Trucking* obviously did not involve the FERC (it, as did *Reiter*, involved the ICC), it seems to this Court that the doctrine of primary jurisdiction is both apt and properly applied in this case, especially given the Ninth Circuit's persuasive observation in *Independent Energy Producers*, 36 F.3d at 854 n. 11, richly illustrated by examples, as to the minute and specialized considerations that go into the FERC's consideration of QF issues.

The plaintiff has urged the Court not to invoke the doctrine of primary jurisdiction, citing non-Fourth Circuit cases for the

proposition that it should be invoked only very sparingly. At least in *Bulldog Trucking, supra,* the Fourth Circuit expressed no such reservations, and this Court does not think it inappropriate to utilize that doctrine in this case. The plaintiff's argument that the FERC does not involve itself with matters of contract interpretation or disputes between utilities and QFs is beside the point, as the contract claims in this case have no real life outside the realm of Panda's QF status *vel non.* Unless this Court seriously misreads both *Independent Energy Producers, supra,* and 18 C.F.R. § 292.207(d), the FERC is the place for plaintiff to assert and have adjudicated its claim, upon which Count II utterly depends, that Panda "does not meet applicable requirements for qualifying facilities," via a petition for a declaratory order. 18 C.F.R. section 292.207(d)(1)(iii) (1999). *Independent Energy Producers,* 36 F.3d at 859; *see also Kamine/Besicorp Allegany L.P. v. Rochester Gas & Elec. Corp.,* 908 F.Supp. 1180, 1191–92 (W.D.N.Y.1995).

In that the Court does not perceive that plaintiff would be "unfairly disadvantaged" by dismissal of the only viable count of the present complaint pending completion of FERC action (with review by the Court of Appeals for the Fourth Circuit, if necessary), and in that judicial economy counsels no good reason to keep the present case open indefinitely, the Court will enter an order dismissing the present complaint as to Count I, with only limited prejudice, and dismissing Count II, without prejudice, for reasons stated above. That order will also deny, as moot, the motion of the Public Service Commission of Maryland to intervene.

## ORDER

For the reasons stated in a Memorandum Opinion this date, it is, by the Court, this 14th day of June, 2000, ORDERED:

1. That the motion of the defendant to dismiss BE, and it hereby IS, GRANTED, as follows;

2. That Count I of the plaintiff's first amended complaint BE, and it hereby IS, DISMISSED, with prejudice to further proceedings in this Court for declaratory relief, but otherwise without prejudice;

3. That Count II of the plaintiff's first amended complaint BE, and it hereby IS, DISMISSED, without prejudice, pending administrative proceedings as set forth in the said Opinion;

4. That the motion of the Public Service Commission of Maryland to intervene BE, and it hereby IS, DENIED, as moot; and

5. That the Clerk inform counsel for the parties of the said Opinion and of this Order.